# CHARLESTON

## GOFF v. YOUNG.

Submitted January 29, 1907.    Decided April 17, 1907.

1. ELECTIONS—*Recount—Costs—Statutory Provision.*

The successful candidate in an election re-count, by which the result of the election shown by the face of the returns, as certified by the election precinct officers and canvassed by the canvassing board, was not changed, has no right of action, under section 68 of chapter 3 of the Code of 1899, section 87 of the Code of 1906, against the unsuccessful candidate, for his costs and expenses. (p. 694.)

2. SAME.

The clause of said section, providing that "if the result of election is not changed by such re-count, the costs and expenses thereof shall be paid by the party at whose instance the same was made," gives a right of action only to the county court for reimbursement for its costs and expenses, occasioned by the re-count. (p. 695.)

3. SAME.

The re-count is the final ascertainment of the result of the elec-

tion, and the expenses, incident thereto, are expressly charged upon the county by section 87 of chapter 3 of the Code of 1899, section 106 of the Code of 1906; but the clause in said section 68, above quoted, gives to the county a right to reimbursement against the unsuccessful demandant of the re-count, to the end that he may not, under the statute, according to him a re-count on his mere demand therefor, by his false clamor, cause useless and vexatious expense to the county. (p. 696:)

· Error to Circuit Court, Roane County.

Action by H. Frank Goff against W. Bailey Young. From a judgment in favor of defendant, plaintiff brings error.

*Affirmed.*

PENDLETON & BOGGESS, for plaintiff in error.

THOS. P. RYAN, for defendant in error.

POFFENBARGER, JUDGE:

At the general election of November, 1904, H. Frank Goff and W. Bailey Young were opposing candidates, on the Democratic and Republican tickets, respectively, for the office of sheriff of Roane county. On the face of the returns, as certified by the election precinct officers, Goff appeared to have been elected, and, at the instance of Young, there was a re-count of the vote as between them, during the progress of which large expenses were incurred by each party. Out of that re-count, arose a *mandamus* proceeding in this Court, by which Goff compelled the rejection, by the board of canvassers, of a certain precinct and the declaration of the result in his favor. See 56 W. Va. 675. In July, 1906, Goff instituted an action of *assumpsit* against Young, the object of which was to recover his expenses in and about said re-count, including his costs in the *mandamus* suit, and his counsel fees, both before the board of canvassers and in this Court. The items set forth in the bill of particulars and demanded in the declaration amount, in the aggregate, to $1133.25. The defendant demurred to the declaration and each count thereof, but the court overruled the demurrer as to the common counts, and sustained it as to the special count, setting forth particularly the nature of the demand, and the case went to the jury on the common counts only. After the plaintiff had introduced all his evidence, the court

sustained a motion to exclude the same and direct a verdict for the defendant, which was accordingly done. To the judgment dismissing his action, Goff obtained a writ of error.

Admitting that the basis for the right to recover costs must be found in the statute, the attorneys for the plaintiff in error say such right is found in the following clause of section 68 of chapter 3 of the Code, section 87 of the Code of 1906: "If the result of election is not changed by such re-count, the costs and expenses thereof shall be paid by the party at whose instance the same was made." They very frankly admit also that the statute does not in express terms give to one of the parties to such re-count costs against the other, and they insist furthermore that it does not authorize a board of canvassers to render a judgment for costs. But they say the legislature intended a recovery of costs by the successful party, when the result of the election, as shown by the face of the returns, is not changed by the re-count, and, not having provided how payment thereof may be enforced, has impliedly conferred upon such party the right to recover his costs and expenses by any appropriate ordinary legal remedy, such as debt or *assumpsit*.

As we have concluded that the legislature did not intend a recovery of costs in such case by one party against the other, the question of remedy is immaterial. The re-count is not a contest. On the contrary, it is a mere ascertainment of the result shown by the ballots. It merely corrects mistakes made by the precinct election officers in counting the ballots and certifying the results. In the absence of a demand for a re-count the votes are not counted. The ballots are simply checked up and compared with the poll books and the returns, certified from the several precincts, are footed up and the general result ascertained and declared. The demand for a re-count imposes upon the canvassing board the further duty of counting the votes as shown by the ballots. The statute provides that "they may, if deemed necessary, require the attendance of any of the commissioners, poll clerks or other persons present at the election, to appear and testify respecting the same, and make such other orders as shall seem proper, to procure correct returns and ascertain the true result of the said election in their county." Section 68,

chapter 3, Code of 1899, section 87, Code of 1906. It does not authorize parties to the re-count to bring in whomsoever they may see fit to give testimony. For this there is an excellent reason. It is admitted that in the event of a change of the result, there can be no recovery of costs from either of the parties. In that case, it must necessarily be borne by the county, and it is not to be assumed that the legislature intended to allow the parties to a re-count to have unrestrained power to fasten upon the county costs and expenses. The plain meaning of the statute is that the canvassing board, not the parties interested in the re-count, shall control the matter of costs and expenses. *Prima facie*, it is a public charge, and one from which the public is only conditionally absolved, or as to which it is only conditionally indemnified. The ascertainment of the result of the election is a part of the election itself, and the statute contemplates the payment of all election expenses by the county except in the case of a municipal election. Section 87 of chapter 3, Code of 1899, section 106, Code of 1906, so provides. It says: "The printing of ballots and all other expenses incurred in providing for, holding and making returns of elections, shall be a county charge, and shall be audited by the county court and paid out of the county treasury, except where the officers to be voted for are exclusively municipal officers." That the expense of ascertaining the result by a re-count is part of the expense intended is plain from the fact that if the result is changed, the county court is required to pay the expenses. The clause upon which the plaintiff in error relies must be read in connection with these provisions. But for it, the expense would be borne by the county court in every case. In this one, the legislature makes an exception by requiring the losing party to pay the costs and expenses. But it gives no right of action to the other party, nor does it authorize a board of canvassers to render a judgment. Since the legislature authorized the county court to incur the costs and expense in the first instance, and only relieves it therefrom upon a certain condition, namely, failure to change the result, the intention to make the losing party liable to the county court for such costs and expenses as it has incurred through the board of canvassers, is plain. The legislature regarded the ascertainment of the true result of

an election as a public, rather than a private, matter, and did not contemplate the payment of the expenses thereof by any private person, except in those cases in which such person, by his false clamor, raised under the clause of the statute, according to him a re-count on his mere demand therefor, has occasioned a useless and vexatious public charge; and made the result of the re-count the test as to whether his demand was well founded. The evident purpose of this clause is to discourage groundless demands for re-counts, and unjust impositions of costs and expenses on counties, by requiring the demandants to reimburse the counties in the event of failure to change results. To this extent, such proceedings are undertaken at the hazard of those who institute them. On the same principle, and by the same means, unmeritorious applications for the establishment of roads are discouraged.

For the reasons aforesaid, the judgment will be affirmed with costs and damages according to law.

*Affirmed.*