D. EARL BRAWLEY *et al. v.* THE COUNTY COURT OF
KANAWHA COUNTY *et al.*

(No. 8451)

Submitted July 7, 1936.   Decided July 10, 1936.

HATCHER, PRESIDENT, and MAXWELL, JUDGE, dissenting.

*Dale G. Casto,* for plaintiffs in error.

*A. H. Toothman* and *L. E. Given,* for defendants in error.

Woods, Judge:

The county court of Kanawha county, the individual members thereof, and certain successful Democratic candidates on the official canvass of the returns of the primary election held in said county on May 12, 1936, whose nominations are being challenged by a recount, prosecute this writ of error and supersedeas to a judgment entered by the circuit court of Kanawha county in a certain mandamus proceeding, in which D. Earl Brawley, candidate for the Democratic nomination for sheriff, and others, were relators and said plaintiffs in error were respondents. The order complained of directs, in substance, that the members of the county court, sitting as a canvassing board, recount all the votes cast for said relators, at said primary, excepting, however, the ballots at any precinct in which said candidates may elect that the same be not counted; and that said recount be conducted with full right of unhampered inspection of all precinct election records, of said primary, by the said candidates, and their counsel, without requiring the advancement of any costs therefor, and without requiring any security for such costs, as a condition to such recount by said relators.

It is argued that the judgment should be reversed because it accords to the relators the right to waive their demand for a recount of any particular precinct as the precincts are reached. There can be no question that the person who demands a recount of all the precincts in a county, or any of them, may, as certain precincts are about to be recounted or have been reached in the course of the method of recounting adopted by the board of canvassers, withdraw or waive the demand for a recount as to any particular precinct and thus, in effect, eliminate that particular precinct from the recount entirely. This, substantially, is what the judgment of the circuit court orders may be done. Code 1931, 3-5-33, does not prescribe a manner of conducting a recount by the board of canvassers. It does not say which precincts, nor which districts of a county, shall be recounted first in the event

of a county-wide recount. It does not give to the board the arbitrary right to count the precincts in the order determined by it. Neither does it give the right to govern the order of counting the precincts to the persons demanding the recount. It is the evident purpose of the statute to leave this question within the sound, but not the arbitrary, discretion of the board. Doubtless, in most instances it would be found advantageous to follow the order of counting precincts suggested by the persons demanding the recount. Such method would be apt to expedite the whole proceeding by inquiring into the demandant's greatest grievances first, and, where the fear of fraud proved baseless at the point of strongest suspicion, would tend to bring about a quick conclusion of the whole matter. However, those who demand a recount are not entitled to dictate the method to be pursued. The board of canvassers must exercise a sound discretion in prescribing this method, and if it attempts to fix the method arbitrarily or capriciously, its action in so doing may be controlled by the courts. This record does not disclose that those who demanded a recount suggested any particular method. There is, therefore, no basis upon which we could hold that the judgment is erroneous in simply directing that all of the precincts be counted, subject to the right of the relators to withdraw their demand in the case of any particular precinct or precincts.

Another point urged by the plaintiffs in error is that the judgment of the circuit court of Kanawha county requires the board of canvassers to permit those demanding the recount to examine the tally sheets, poll books, and the other contents of the ballot packages in connection with the actual recounting of the ballots. Plaintiffs in error contend that those demanding a recount are entitled to examine only the ballots and to have the board of canvassers recount such ballots as may be found in the packages. This, we think, is too restricted a view to take of the purpose of a recount. It is, of course, perfectly true that the primary purpose of a recount is to

count the ballots themselves. This, nevertheless, is not its only purpose. Code, 3-9-2, requires that in giving notice of a contest of an election, the contestant shall inform the contestee of his intention by notice in writing and shall include "a list of the votes he will dispute, with the objections to each, and of the votes rejected for which he will contend." We see from this provision that one of the purposes of a recount is to lay the basis for a contest. There are many irregularities and illegalities discoverable in the course of a recount that cannot be corrected in that proceeding, the results of which are restricted to what may be discovered on the face of the ballots themselves. Code, 3-5-33, gives to the canvassing board the power to summon the officers of election for the purpose of making inquiry concerning its conduct. It is to be remembered that the whole proceeding is a recount. This very terminology indicates that it is to be a count under circumstances and conditions similar to those which existed at the polling place. All of the records of the election were available to the officers of the election when they made their count at the polling place. We think they should be equally available on a recount before the canvassing board. The judgment order entered by the trial court gives to the relators, in connection with the recount of the ballots before the board of canvassers, the "full right of unhampered inspection of all precinct election records * * *." This sweeping language must not be interpreted as depriving the board of canvassers of its right reasonably to regulate the conduct of the recount, including the inspection of the precinct election records. While it is true that the right of inspection should not be hampered in any manner that would defeat its purpose, it is equally true that the right must be exercised within reasonable bounds as to place, time and circumstance, and that the fixing of these bounds, in the first instance, is within the reviewable discretion of the canvassing board.

The plaintiffs in error argue that since a copy of these records is returned to the office of the circuit clerk and is there kept, the information the relators seek is there

available as a matter of public record; that consequently there is no necessity to permit an inspection of the poll books, tally sheets, etc., during the recount and from the record contained in the ballot packages. We do not believe that this suggestion contains an answer to the relators' contention. The purpose of the recount is to throw open the avenues of information concerning the methods followed in arriving at the result of the election at the polling place. Anything that would tend to hamper and impede a proper and full investigation, we think, is not within the spirit of the statute authorizing the proceeding.

The remaining question has to do with the right of the county court to require the advancement of costs, or security therefor, of candidates seeking a recount. Costs, and the right to tax them, are dependent upon statutory authority. Hence, we must look to the statutes dealing with elections to determine whether or not they may be collected in advance, or security required therefor.

Code 1931, 3-5-40, provides, among other things: "The compensation of election officers, cost of printing ballots, and all other expenses incurred in providing for holding and making the return of elections shall be audited by the county court and paid out of the county treasury." Section 33, of the same chapter and article, provides among other things: "After canvassing the returns of the election, the board shall, *upon the demand* of any candidate voted for at such election, open and examine any one or more of the sealed packages of ballots, and recount the same; * * *. If the result of the election be not changed by such recount, the costs and expenses thereof shall be paid by the party at whose instance the same was made." Although the latter part of the section provides that the party be liable for costs where the election is not changed by the recount, it must be noted that in the former sentence a recount may be had "upon the demand" of any candidate. Demand is the only qualification. Upon demand "the board shall" recount. In the case of *Goff* v. *Young,* 61 W. Va. 693, 57 S. E. 328, the court took the position that "upon demand" was the controlling part of the statute.

In point 3, syllabus, it is stated: "The re-count is the final ascertainment of the result of the election, and the expenses, incident thereto, are expressly charged upon the county by section 87 of chapter 3 of the Code of 1899, section 106 of the Code of 1906; but the clause in * * * section 68 [of said chapter 3], * * * gives to the county a right to reimbursement against the unsuccessful demandant of the re-count, to the end that he may not, under the statute, according to him a re-count on his mere demand therefor, by his false clamor, cause useless and vexatious expense to the county." Sections 68 and 87, mentioned in the foregoing quotation are embodied in the provisions of Code 1931, 3-5-33, 40.

When sections 33 and 40 of article 5 of chapter 3, Code 1931, are considered together it is apparent the legislature intended that the county court should pay the expense, in all instances, and in those cases in which the recount made no change in the result, that the same body could proceed, in the manner provided by law, to collect such sum from the party asking the recount.

Perceiving no error in the judgment, the same is accordingly affirmed.

*Affirmed.*

MAXWELL, JUDGE, dissenting:

Judge Hatcher and I fully concur in points one and two of the syllabus and in so much of the opinion as pertains thereto.

We do not concur in point three or in the reasoning on which it is based.

Clearly, under the last sentence of section 33, article 5, chapter 3, Code 1931, a party at whose instance a recount is conducted must pay the costs if the result of the election be not changed by the recount. With reference to that statutory requirement, this court stated in *Goff v. Young*, 61 W. Va. 693, 57 S. E. 328, 329: "The evident purpose of this clause is to discourage groundless demands for recounts, and unjust impositions of costs and expenses on counties, by requiring the demandants to

reimburse the counties in the event of failure to change results. To this extent, such proceedings are undertaken at the hazard of those who institute them." In order that public funds may be safeguarded against wasteful expenditure occasioned by ill-advised demands for recounts, we are of opinion that a canvassing board may, with all propriety, provide for security for costs, contingent upon the result of the recount.

The canvassing board is made up of the members of the county court of the county, and, in the latter capacity, they constitute the county's fiscal agency. So, when they are sitting as a canvassing board, it is meet that they should not be disregardful of the county's financial interests but should be alert to protect the same, while, at the same time, imposing no hardships on any individual. We are of opinion that a reasonable requirement for security for costs, in event the recount fails, is for the protection of public funds and imposes no hardship of which any candidate may legally complain, and that the right to make such exaction is incidental to the expressly declared powers of the board. There is nothing in the record tending to show that the action of the canvassing board was unreasonable. Therefore, we think the circuit court was in error in requiring the board to proceed with the recount without security for costs.

It is for these reasons that we cannot agree with the majority of the court in respect of point three of the syllabus and the discussion in the opinion bearing thereon.