**DANIEL FREEMAN MEMORIAL HOSPITAL, et al., Plaintiffs-Appellants,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 79–3334.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1981.

Decided Sept. 14, 1981.

Patric Hooper, Weissburg & Aronson, Inc., Los Angeles, Cal., for plaintiffs-appellants.

Vicki Schulkin, Dept. of Health & Human Services, Washington, D.C., argued for defendant-appellee; Carolyn M. Reynolds, Los Angeles, Cal., on brief.

Before WALLACE and SCHROEDER, Circuit Judges, and SOLOMON,* District Judge.

SCHROEDER, Circuit Judge:

This is a suit by a group of California Hospitals challenging a section of the Provider Reimbursement Manual, Health Insurance Manual 15 (HIM–15). This manual is promulgated by the Secretary of Health and Human Services as a guide to the interpretation of Medicare reimbursement regulations governing reimbursable costs under the Medicare Act. 42 U.S.C. §§ 1395 *et seq.* The manual section in question, HIM–15 § 2345, was promulgated in 1976 and relates to the inclusion of labor and delivery room days in the determination of the average per diem cost of routine patient care. Plaintiffs successfully challenged the provision in an administrative appeal covering the 1975 cost reporting period, but the final agency decision stated that the provision would be applied in future years. Plaintiffs then filed this action, challenging the appli-

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

cability of the provision to the years following 1975, and seeking a determination that the provision was a regulation to which the rulemaking procedures of the Administrative Procedure Act (APA), 5 U.S.C. § 553, applied.

The district court entered summary judgment for the government. The court refused to review the substantive validity of section 2345 because plaintiffs had already received the monetary relief sought for the 1975 cost reporting periods and they had failed to exhaust administrative remedies for subsequent cost reporting periods. Addressing the procedural issue, the court held that section 2345 was not subject to the rulemaking requirements of the APA.

We hold that the district court properly refused to consider any challenge to the application of section 2345 to years other than 1975, the year involved in the administrative proceedings. We further hold that the applicability of 5 U.S.C. § 553 is an issue which should not be reached in the absence of a reviewable record on the nature and scope of the challenged provision. We therefore vacate that portion of the district court's decision which ruled, on the merits, that the rulemaking requirements of the APA were not applicable to the promulgation of section 2345.

Section 2345 was issued by the Secretary in August of 1976, and it states in effect that hospitals are to count the days spent by patients in the labor and delivery room as routine patient days for purposes of reimbursement of routine Medicare patient costs.[1] Since very few of such patients are Medicare patients, the inclusion of maternity patient days in the ratio of routine patient days to patient costs has the effect of reimbursing less than the hospitals would receive under the method of calculation they previously used.

The plaintiffs submitted their 1975 cost reports to the fiscal intermediary pursuant to 42 U.S.C. § 1395h under their old method of calculation. The fiscal intermediary, Blue Cross Association in this case, ruled that the new provision should apply, and called for an audit adjustment. The fiscal intermediary's ruling on the 1975 cost reports was appealed to the Provider Reimbursement Review Board (PRRB) pursuant to 42 U.S.C. § 1395oo. The PRRB decided that the new provision was inconsistent with Medicare statutes requiring proper apportionment of costs and was thus invalid.

The Health Care Financing Administrator, who has been delegated the Secretary's representative in such matters, 42 Fed.Reg. 13262 (March 1977), then intervened before the PRRB's ruling could become final, and modified the Board's decision. 42 U.S.C. § 1395oo(f). The Administrator ruled that because of certain ambiguities in previous instructions to hospitals about the calculation of routine patient days, the new provision should not apply retroactively to the year 1975, but that it should apply for subsequent reporting years.

The hospitals, dissatisfied with the prospective application of the ruling, filed this action even though there remained no dispute concerning the year 1975, and despite the fact that they were pursuing administrative remedies with respect to the year 1976 in separate administrative proceedings.

The key issue in this appeal is, in our view, whether the district court had jurisdiction to consider an attack upon the validity of the manual provision for cost periods other than 1975, and for which plaintiffs had not yet exhausted administrative remedies.

 It is by now well settled that the procedures established by the Medicare Act for judicial review are the exclusive route

---

1. Provider Reimbursement Manual, Health Insurance Manual 15, § 2345 provides in relevant part:

If a patient is in the labor/delivery room at the census-taking hour, an inpatient day will be counted in the routine maternity care area. However, if the provider maintains records of labor/delivery room days, in addi-

tion to those recorded in the routine maternity care area, such labor/delivery room days should not be duplicated and should therefore be excluded from total inpatient days. These labor/delivery room days are not to be included in any statistical data used in the cost apportionment process.

for appealing the merits of the Secretary's rulings on Medicare reimbursement claims. *See* 42 U.S.C. § 405(h) (incorporated into the Medicare Act by 42 U.S.C. § 1395ii) *Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137–139 (9th Cir. 1980); *Association of American Medical Colleges v. Califano*, 569 F.2d 101 (D.C.Cir.1977). Claims may only be presented in the manner provided by 42 U.S.C. § 1395oo, which requires appeal to the PRRB, with discretionary review by the Secretary prior to review by the district court. Adherence to such procedure is not merely a codification of the judicially developed exhaustion doctrine, but "is a prerequisite to the court's very jurisdiction." *Pacific Coast Medical Enterprises v. Harris*, 633 F.2d at 138; *see Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

Although in this case, the Administrator's final ruling purported to affect years other than 1975, the only claims which were submitted and fully considered by the PRRB in accordance with the prescribed procedures were claims for 1975. The hospitals have argued that the same issues were before the PRRB in connection with the 1975 claim. However, any remaining doubts about the inability of the district court to extend its jurisdiction to cost periods other than those fully considered administratively were dispelled in *Pacific Coast Medical Enterprises v. Harris, supra.* In that case, decided after the district court's decision here, this Court explained the policy reasons behind requiring administrative review of all claims, even those which are similar to claims previously decided.

> [E]ven in the case of claims which appear to rest upon identical questions of law and fact, these procedures will allow the Secretary to affirm this similarity, or to define and resolve any differences which may not be apparent to the Court. The process of administrative review may also provide the agency, perhaps under a different administrator, to reconsider his original decision. Further, if indeed the subsequent claims are quite similar to the

original claim, with no unresolved issues presented, review should be expedited and a minimal burden to the provider. *Pacific Coast Medical Enterprises v. Harris*, 633 F.2d at 138.

We therefore hold that the district court was without jurisdiction to review the Administrator's decision with respect to the applicability of the challenged provision to cost reporting periods which had not yet been submitted to the PRRB for examination.

■ We then turn to plaintiffs' claim that the challenged section was promulgated in violation of the APA rulemaking requirements. Plaintiffs correctly point out that this issue stands in a different posture than their challenge to the administrative disallowance of costs. 42 U.S.C. § 405(h) by its terms, bars only actions brought "to recover on any claim" arising under the Medicare Act. Thus when suit is brought simply to vindicate an interest in procedural regularity, there is no statutory bar. *Humana of South Carolina, Inc. v. Califano*, 590 F.2d 1070, 1080 (D.C.Cir.1978). *See also Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Elliot v. Weinberger*, 564 F.2d 1219 (9th Cir. 1977), *aff'd in part and rev'd in part on other grounds sub nom. California v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). *But see Northlake Community Hosp. v. Schweiker*, 654 F.2d 1234 (7th Cir. 1981).

■ The lack of a statutory bar to the consideration by the district court of appellants' procedural challenge does not, however, end our inquiry. It must still be determined whether, in the circumstances of this case, it was appropriate for the district court to decide whether the promulgation of section 2345 came within an exception to the APA's rulemaking requirements as an interpretative rule. 5 U.S.C. § 553(b)(3)(A).[2] The parties agree that that question, in turn, depends in large measure upon the substantive impact of the new provision. *Saint Francis Memorial Hospital v. Weinberger*, 413 F.Supp. 323 (N.D.Cal.

2. The government does not claim that the promulgation of section 2345 was exempt from rulemaking requirements pursuant to the ben-

efits exemption of 5 U.S.C. § 553(a). The Secretary in 1971 elected to waive that exemption and to submit to the normal requirements of

1976); *Pharmaceutical Manufacturers Association v. Finch*, 307 F.Supp. 858 (D.Del. 1970). It thus depends upon evaluation of many of the same facts which would be considered in an administrative claim determination. Yet in this case the dispute with respect to the 1975 year had become moot and the effect of the rule on other years was not before the district court. In addition, administrative proceedings in connection with claims for 1976 were pending and the potential thus existed for a change in the substantive ruling which would moot the procedural issue. We hold that the district court should not have considered the procedural validity of the challenged provision on the basis of the record before it. That portion of the district court's decision is vacated, and the judgment of the district court in favor of the government is affirmed.

the APA. 36 Fed.Reg. 2532 (1971); *Good Samaritan Hospital, Corvallis v. Mathews*, 609 F.2d 949, 954 (9th Cir. 1979).