684 F.2d 643
 Freeman H. RINGER, Sanford Holmes, Norman R. Webster-Zeiber,
and Jean Vescio, individually and on behalf of all
other persons similarly situated, and
Benjamin Winter, M.D.,
Plaintiffs-Appellants,
v.
Richard S. SCHWEIKER,* in his official capacity
as the Secretary of the United States Department
of Health and Human Services,
Defendant-Appellee.
 No. 81-5413.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 8, 1982.
Decided Aug. 19, 1982.
 
 Malcolm J. Harkins, III, Casson, Calligaro & Mutryn, Washington, D. C., for plaintiffs-appellants.
 Howard Gest, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellee.
 Appeal from the United States District Court For the Central District of California.
 Before NELSON and REINHARDT, Circuit Judges, and EAST,** Senior District Judge.
 OPINION
 NELSON, Circuit Judge:
 
 
 1
 The above named plaintiffs, except Benjamin Winter, M.D., (Ringer Group) and the proposed class are allegedly qualified participants in the Medicare program and appeal the order dismissing their action for want of subject matter jurisdiction entered by the district court on February 17, 1981.
 
 
 2
 Timely notice of appeal was filed. We note jurisdiction under 28 U.S.C. § 1291 (1976) and vacate the order and remand the cause.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 This appeal involves the administration by the Secretary of Health and Human Services (Secretary) of the Medicare Act (the Act). 42 U.S.C.A. §§ 1395-1395vv (West 1974 & Supp. 1982). Section 1862(a)(1) of the Medicare Act, 42 U.S.C.A. § 1395y(a)(1) (West Supp.1982), precludes reimbursement for any "items or services ... which are not reasonable and necessary for the diagnosis or treatment of illness or injury...." In January, 1979, the Secretary, through the Health Care Financing Administration (the HCFA), issued an instruction to intermediaries and carriers who service Medicare claims that the operation known as a bilateral carotid body resection (BCBR) was not a "reasonable and necessary" operation. This decision was based on reports of the Public Health Service and a task force of the National Heart, Lung and Blood Institute.
 
 
 4
 The January, 1979, instruction to intermediaries and carriers prevented the intermediaries and carriers from paying benefits for any BCBR operation. The ruling did not, however, preclude benefits claimants from seeking review of the denial of benefits before an administrative law judge (ALJ). The claimants accordingly brought appeals to ALJs and, until October, 1980, ALJs consistently held that the BCBR operation was reasonable and necessary and allowed payment of benefits. Decisions of ALJs can be reviewed by the Appeals Council of the Social Security Administration, and the Appeals Council, too, has found the BCBR operation reasonable and necessary. In re Ferguson, No. yhk-oj-zzlt(HHS Appeals Council, October 18, 1979). The Secretary, apparently seeking to insure that no benefits were paid for the BCBR operation, issued a ruling in October, 1980, which prohibited payments for the operation. This ruling conclusively held that the BCBR operation "is not established as safe and effective and, therefore, is excluded from medicare coverage under the authority of section 1862(a)(1) of the Act." 45 Fed.Reg. 71,426 (1980). The ruling purported to prohibit ALJs and the Appeals Council from determining that benefits could be paid for BCBR operations, and ALJs have, since the ruling, denied all requests for benefits without a hearing.
 
 
 5
 The Ringer Group filed this action in the district court in September, 1980. The Group complained that the Secretary's policy prohibiting intermediaries and carriers from awarding benefits for the BCBR operation was an unlawful interference in the administrative process for determining benefits. The October, 1980, ruling-according to the Group-exacerbated this unlawful interference by completely foreclosing any award of benefits within the administrative process. The complaint sought relief in several forms including invalidation of the Secretary's policy and ruling that the BCBR operation is not reasonable and effective, and an injunction requiring the Secretary to declare the BCBR operation reasonable and necessary. The Group claimed that the district court had jurisdiction under 28 U.S.C. § 1361 (1976) (mandamus); 28 U.S.C.A. § 1331 (West Supp.1982) (federal question); and 42 U.S.C.A. § 405(g) (West Supp.1982) (judicial review under the Medicare Act).
 
 
 6
 The district court dismissed for lack of jurisdiction. The jurisdictional provisions of the Medicare Act require that any action "to recover on a claim arising under" the Act can only be brought after exhaustion of administrative appeals pursuant to 42 U.S.C.A. § 405(g) (West Supp.1982); jurisdiction for such claims cannot be based on 28 U.S.C.A. § 1331 (West Supp.1982) (federal question) or 28 U.S.C. § 1361 (1976) (mandamus). See 42 U.S.C.A. § 405(h) (West Supp.1982). The district court characterized the Ringer Group's action as essentially an action to recover on a claim and concluded that jurisdiction could not be based on the federal question or mandamus statutes. The district court also concluded that the Group had failed to exhaust its administrative remedies, and therefore concluded that jurisdiction over substantive claims could not be based on subsection 405(g). The Ringer Group brought this timely appeal.
 
 DISCUSSION
 
 7
 Two questions are presented on appeal. The first is whether the district court erred in concluding that the Ringer Group's action was essentially one to recover on a claim arising under the Act. The second question is whether the district court erred in concluding that the Group's members had failed to exhaust administrative remedies for their substantive claims.
 
 
 8
 I. Is the Ringer Group's Action an Action to Recover on a Claim Arising Under the Act?
 
 
 9
 This court has held that the statute limiting the jurisdictional basis of claims arising under the Medicare Act has a relatively narrow scope. In Daniel H. Freeman Memorial Hospital v. Schweiker, 656 F.2d 473 (9th Cir. 1981), we held that the language prohibiting reliance on the federal question or mandamus provisions for any action "to recover on a claim arising under" the Act only applied to actual claims for benefits. We noted that "when suit is brought simply to vindicate an interest in procedural regularity, there is no statutory bar." Id. at 476.[1] See also Humana of South Carolina, Inc. v. Schweiker, 590 F.2d 1070, 1080 (D.C.Cir.1978); Elliott v. Weinberger, 564 F.2d 1219, 1226 (9th Cir. 1977), aff'd in part and rev'd in part on other grounds sub nom. Califano v. Yamasaki, 422 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) ("(t) he distinction between due process questions divorced from a claim for benefits and questions relat(ing) to the merits of a benefits claim is a significant one, requiring considerably different treatment by the courts").
 
 
 10
 The district court rejected the Ringer Group's argument that its action was one for procedural relief rather than one for benefits. The district court noted that the Ringer Group's action included challenges to the procedure followed by the Secretary, but concluded that the Group's procedural challenges were "inextricably intertwined with (its) challenge of the validity of the determination denying them medicare coverage."
 
 
 11
 We cannot agree with the district court's conclusion that the procedural claims may not be considered apart from the substantive claims. The major thrust of the Group's complaint is that the Secretary's presumptive rule that the BCBR operation is not reasonable and necessary was an unlawful administrative mechanism for determining awards of benefits. The Ringer Group sought, first and foremost, to invalidate the Secretary's procedure. In several parts of its prayer for relief the Ringer Group does appear to ask for substantive relief by suggesting that the court should require the Secretary to declare the BCBR operation reasonable and necessary. We recognize that such claims are essentially claims for benefits. But we do not see these claims as the central element of the complaint, and we believe the procedural claims may be considered apart from these claims.
 
 
 12
 The Group has primarily sought to prevent a binding ruling that the BCBR operation is not reasonable and necessary, and has only secondarily sought to have the court declare that the operation should in fact be considered reasonable and necessary. We therefore conclude that the procedural claims raised by the Ringer Group are properly brought under the federal question and mandamus statutes.
 
 
 13
 II. Did the Ringer Group Fail to Exhaust Administrative Remedies for its Substantive Claims for Benefits?
 
 
 14
 In addition to its procedural claims, the Ringer Group-in claiming that the BCBR operation is reasonable and necessary, and in seeking an injunction to require the Secretary to declare the operation reasonable and necessary-has raised substantive claims for benefits. These claims do not suggest that the Secretary followed improper procedures, but that he reached an improper substantive result in the process of determining whether benefits should be awarded. The Group has not sought relief in the form of an actual award of benefits, but that is only because other (relatively minor) substantive determinations must be made. A claim for recovery of benefits cannot be transformed into some other type of claim simply by challenging one of the substantive determinations rather than the final result.
 
 
 15
 The courts have jurisdiction to review substantive claims for benefits only after administrative remedies have been exhausted. See 42 U.S.C.A. §§ 405(g) & 405(h) (West Supp.1982).[2] The district court concluded that it had no jurisdiction to hear substantive claims because the members of the Ringer Group failed to exhaust their administrative remedies.
 
 
 16
 We cannot agree with the district court that the members of the Group had failed to exhaust administrative remedies to the extent required by subsection 405(g). Although the members of the Group did not take administrative appeals, we find that such appeals were not required in this case.
 
 
 17
 The Supreme Court has indicated two circumstances under which administrative appeals may be dispensed with as a prerequisite to jurisdiction under subsection 405(g). In Weinberger v. Salfi, 422 U.S. 749, 764-67, 95 S.Ct. 2457, 2466-68, 45 L.Ed.2d 522, 538-40 (1975), the Court allowed a claim under subsection 405(g) because the Secretary had not complained of the failure to exhaust administrative remedies. The Court noted the purposes of the exhaustion requirement:
 
 
 18
 Exhaustion is generally required as a matter (sic) of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.
 
 
 19
 422 U.S. at 765, 95 S.Ct. at 2467, 45 L.Ed.2d at 538-39. The Court then held that appeals are unnecessary when the agency has concluded that, for its purposes, the decision is final. The Court summarized by noting that "(o)nce a benefit applicant has presented his or her claim at a sufficiently high level of review to satisfy the Secretary's administrative needs, further exhaustion would not merely be futile for the applicant, but would also be a commitment of administrative resources unsupported by any administrative or judicial interest." 422 U.S. at 765-66, 95 S.Ct. at 2467, 45 L.Ed.2d at 538-39.
 
 
 20
 We find this exception to the requirement of administrative appeals applicable to this case. By issuing a ruling that purports to bind ALJs and the Appeals Council to the denial of benefits for BCBR operations, the Secretary has indicated that it has no interest in appeals. This ruling not only made appeals futile, it indicated that the Secretary believes appeals are worthless to the agency as well as the claimant. Thus, as in Salfi, there is no reason to deny immediate access to judicial review under subsection 405(g).[3]
 
 
 21
 The Supreme Court has also found administrative appeal unnecessary when an appeal would fail to vindicate all the interests pressed by claimants, even if the claimant won the appeal. Thus, in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Court allowed a claimant immediate judicial review under subsection 405(g) because the claimant asserted that he was erroneously denied a hearing before deprivation of benefits. 424 U.S. at 331-32, 96 S.Ct. at 900-01, 47 L.Ed.2d at 31. The Court concluded that the claimant had "raised at least a colorable claim that ... an erroneous termination (of benefits) would damage him in a way not recompensable through retroactive payments." 424 U.S. at 331, 96 S.Ct. at 901, 47 L.Ed.2d at 31.
 
 
 22
 The Ringer Group has similarly presented a colorable claim that its members will not be compensated by an award of benefits on appeal. Specifically, the Group asserts that it has a right to have a determination of the reasonableness and necessity of the BCBR operation made without the prejudice-and the necessary appeal-resulting from the HCFA ruling. Thus, even though ALJs were consistently awarding benefits when the Group brought this action, the interest asserted by the Group was not being vindicated in the course of administrative appeals. The Group's interest in receiving benefits without having its claims prejudged can only be vindicated by judicial review. Accordingly, immediate judicial review was appropriate in this case.[4]
 
 CONCLUSION
 
 23
 Jurisdiction over the procedural claims was properly alleged under 28 U.S.C.A. § 1331 (West Supp.1982), or 28 U.S.C. § 1361 (1976). Jurisdiction over the substantive claims was properly alleged under 42 U.S.C.A. § 405(g) (West Supp.1982). The order dismissing for lack of jurisdiction is accordingly REVERSED, and the cause is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 We substitute the name of Richard S. Schweiker as successor to Patricia Roberts Harris as Secretary, the original defendant, per Fed.R.App.P. 43
 
 
 **
 Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 In Freeman, the court concluded that the challenged action should not have been reviewed by the district court because the procedural propriety of the action depended on evaluation of facts that would be determined in a pending administrative proceeding. The Secretary argues that the Ringer Group's challenge should not be decided because, even if the district court had jurisdiction, the "procedural claim was intimately related to their (sic) substantive claims." We note below that we do not accept the premise of the Secretary's argument, i.e., that the procedural claims are intimately related to the substantive claims. We see no facts that might be developed at an administrative hearing that would aid the court in resolving the procedural questions. Furthermore, an extensive record has been compiled in the administrative proceedings held thus far, to which the court could look in order to determine any facts that it might find useful
 
 
 [2]
 The claims cannot be heard under the federal question or mandamus statutes simply because they are appended to procedural claims which can be brought under those statutes
 
 
 [3]
 Members of the Ringer Group who have not yet applied for benefits do not appear to have presented their claim at a sufficiently high level. Cf. Weinberger v. Salfi, 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522, 538 (1975) (plaintiffs who had not filed claim for benefits had not met jurisdictional requirements of subsection 405(g)). This does not, however, preclude the court from ordering the Secretary to withdraw its ruling on the basis of the claims of those who have applied for benefits, or of awarding benefits to those who have applied, if the court feels it is appropriate to award benefits. Cf. Califano v. Yamasaki, 442 U.S. 682, 704, 99 S.Ct. 2545, 2559, 61 L.Ed.2d 176, 194 (1979) (approving order granting relief to persons "when they claim" benefits)
 
 
 [4]
 The Secretary argues that even though this argument may have been valid when ALJs were awarding benefits, it is no longer valid because claimants will be denied benefits on appeal and can therefore seek review of that denial following appeal. The Secretary does not indicate, however, why an appeal that is of no value to either the agency or the claimant should be required. Cf. Weinberger v. Salfi, 422 U.S. 749, 765-66, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522, 538-39 (1975) (appeal not required if futile for applicant and unsupported by any administrative or judicial interest)