**NATIONAL MEDICAL ENTERPRISES, INC., Plaintiff–Appellant,**

v.

**Louis S. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 90–55919.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 1991.

Decided April 2, 1992.

See also 957 F.2d 664.

Patric Hooper, Hooper, Lundy & Bookman, Los Angeles, Cal., for plaintiff-appellant.

Marcus H. Christ, Office of General Counsel, Baltimore, Md., for defendant-appellee.

Before: NORRIS and THOMPSON, Circuit Judges, and KING, District Judge.*

SAMUEL P. KING, District Judge:

## FACTS

National Medical Enterprises, Inc. ("NME"), a Medicare health care provider,

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

appeals the district court's ruling on summary judgment that it is not entitled to interest under 42 U.S.C. §§ 1395g(d) or 1395oo(f)(2) on Medicare sums erroneously recouped from hospitals owned by NME during fiscal years 1980 through 1984. We affirm.

Medicare is the federal health insurance program for the aged and disabled. 42 U.S.C. § 1395 *et seq.* Under the Medicare system, the Secretary, through fiscal intermediaries, pays "providers" of health care services for furnishing such services to Medicare beneficiaries. *See, e.g.,* 42 U.S.C. § 1395h. The fiscal intermediary makes the initial determination of the amount of reimbursement due and makes the actual payments to providers. 42 U.S.C. §§ 1395g, 1395h. The fiscal intermediary's determination of the amount of reimbursement due is issued in the form of a notice of program reimbursement ("NPR"). 42 C.F.R. § 405.1803 (1990). A provider who is dissatisfied with its reimbursement for a fiscal year may, in accordance with 42 U.S.C. § 1395oo(a), appeal the intermediary's determination to the Provider Reimbursement Review Board of the Department of Health and Human Services ("PRRB"), whose decision is subject to review by the Secretary. If a provider prevails at the PRRB, the case is sent back to the intermediary for calculation of the amounts owing the provider. The intermediary issues a revised NPR to the provider advising it of the amount due pursuant to the PRRB ruling and subsequently makes the payment. If a provider is dissatisfied with the PRRB's ruling, 42 U.S.C. § 1395oo(f)(1) provides for judicial review of the specific fiscal year at issue.

The Medicare Statute provides two sections under which a provider may be entitled to interest on disputed Medicare principal amounts. These provisions are contained in 42 U.S.C. §§ 1395oo(f)(2) and 1395g(d).

The facts in this case are undisputed. The hospitals owned by NME filed cost reports with their respective fiscal intermediaries for the fiscal years 1980 through 1984. The fiscal intermediaries issued NPRs which disallowed a portion of the return on equity capital costs ("ROE") claimed by the providers in each year. Each provider timely appealed its cost reports to the PRRB. On December 5, 1986, the PRRB consolidated all of the cases and, in January 1987, informed the parties that NME's appeal would be heard within 30 days after the date of the notice.

During this same time period, NME was also challenging the fiscal intermediaries' identical calculation of ROE for its hospitals' Medicare cost reports for fiscal years 1974–1979 before the PRRB. The PRRB found in favor of NME. The PRRB's decision was subsequently reversed by the Secretary and NME sought judicial review of the Secretary's reversal in the United States District Court for the Central District of California. The District Court reversed the Secretary's decision and awarded judgment to NME. *See National Medical Enter. v. Bowen,* 662 F.Supp. 476 (C.D.Cal.1987). This court affirmed the District Court's decision on July 11, 1988. *See National Medical Enter. v. Bowen,* 851 F.2d 291 (9th Cir.1988) (*"NME I "*). Following the decision in *NME I,* the Secretary paid NME's hospitals the increased reimbursement for their ROE for fiscal years 1974–1979, plus interest pursuant to 42 U.S.C. § 1395oo(f)(2).

Following the decision in *NME I,* the Secretary also notified the fiscal intermediaries that they should no longer pursue ROE issue with NME for fiscal years 1980–1984. The notification occurred sometime on or before January 27, 1989, the date on which the fiscal intermediaries sent a letter to the PRRB requesting that it remand the 1980–84 claims to them for recalculation and determination of the amounts owing the providers. The letter stated that the request was made after the intermediaries had been informed by the Office of General Counsel, HCFA, that in view of the Ninth Circuit's decision on years 1974 through 1979, the Government did not want the intermediaries to pursue the 1980–1984 claims further.

On February 16, 1989, NME asked the PRRB to remand the 1980–1984 claims for

payment with interest. The PRRB apparently indicated that it does not issue such remand orders. On March 1, 1989, NME responded by requesting that the PRRB instead render an immediate determination on the 1980–1984 ROE issue. NME also stated its belief that it was entitled to interest on the additional ROE monies. NME asked that should the PRRB determine that it lacked jurisdiction to award interest it issue a ruling to that effect.

At some point after this, the PRRB apparently did remand the claims to the fiscal intermediaries who then issued revised NPRs for fiscal years 1980–1984 and paid the increased ROE. The first hospital was paid on June 19, 1989. It is not clear from the record when the last hospital was paid. All of the hospitals did receive payment within 30 days of the issuance of their revised NPRs. None of the payments included interest. The PRRB made no ruling on the underlying ROE dispute or the interest issue prior to remanding the claims to the fiscal intermediaries. Subsequently, on July 25, 1989, the PRRB notified NME that "the Board has no authority to grant interest awards."

Following notification of the PRRB's determination that it lacked authority to grant interest, NME filed a complaint in the district court seeking interest on the 1980–1984 ROE claims. The parties filed dispositive cross-motions for summary judgment which were submitted and decided without oral argument. On July 5, 1990, the District Court granted the Secretary's motion for summary judgment and denied NME's motion.

## DISCUSSION

■ Judicial review of the Secretary's Medicare reimbursement decision is governed by 5 U.S.C. § 706. *See* 42 U.S.C. § 1395oo(f). The Secretary's failure to authorize the fiscal intermediaries to pay interest on fiscal years 1980–1984 can be set aside only if it is inconsistent with the governing statute or is arbitrary or capricious. The court reviews the District Court's grant of summary judgment *de novo*. No special deference is owing to the

District Court's decision. *See Regents of the Univ. of Cal. v. Heckler*, 771 F.2d 1182, 1187 (9th Cir.1985).

### I. *42 U.S.C. § 1395g(d)*

42 U.S.C. § 1395g(d) provides that

[w]henever a final determination is made that the amount of payment made under this part to a provider of services was in excess of or less than the amount of payment that is due, and payment of such excess or deficit is not made (or effected by offset) within 30 days of the date of the determination, interest shall accrue on the balance of such excess or deficit not paid or offset....

Under this section, NME can collect interest on the ROE underpayment if (1) there has been a "final determination" of an underpayment of a Medicare reimbursement actually due a provider; and (2) the deficit has not been paid within 30 days of such final determination. The Secretary's regulations implementing this section define "final determination" as the NPR issued by the fiscal intermediary which notifies the provider that amounts are due and specifies the actual amount of overpayment or underpayment. 42 C.F.R. § 405.376(c) (1990).

■ The Secretary has specific statutory authority to "prescribe such regulations as may be necessary to carry out the administration of the [Medicare program]." 42 U.S.C. § 1395hh(a)(1). Where a statute is "silent or ambiguous with respect to the specific issue," an agency's interpretation is upheld so long as it is based on a permissible construction of the statute. *Oregon v. Bowen*, 854 F.2d 346, 348 (9th Cir.1988). The agency's construction is entitled to deference so long as it is "reasonable and not in conflict with the intent of Congress." *Id.* Administrative constructions "that are inconsistent with the statutory mandate or frustrate the policy that Congress sought to implement" are rejected by the reviewing court. *Id.* at 348. This court has previously invalidated the Secretary's interpretation of the term "final determination" in 42 U.S.C. § 1395oo(a) of the Medicare Act. *See Oregon v. Bowen*, 854 F.2d 346.

There, we found that the Secretary's argument that language in the statute referring to "the fiscal intermediary's final determination" should be limited to the issuance of an NPR was contrary to the plain meaning of the statute. Because the statute referred to a "final determination," not to an NPR, we found such an interpretation to be unsupported by the language of the statute. We found that other actions by the fiscal intermediary, such as a refusal to reopen a claim, also qualified as a final determination. *Id.* at 349.

Here, as in *Oregon v. Bowen,* the language of the statute refers to a "final determination," not to the NPR. Although the calculation of the specific amount of an underpayment or overpayment may depend upon the NPR, a "final determination" of an actual underpayment or overpayment could be made by the PRRB in an appeal of a fiscal intermediary's NPR or by the Secretary upon review of the PRRB's decision.

■ However, we reject NME's argument that the original erroneous NPRs qualify as final determination under 42 U.S.C. § 1395g(d). NME argues that Congress did not intend for providers to be denied interest when a fiscal intermediary misapplies the Medicare regulations and guidelines in issuing the NPR. In this case, it points out that as a result of the erroneous NPRs, NME's hospitals had to wait eight years to be reimbursed for their ROE costs. 42 U.S.C. § 1395g(d), however, provides only that interest will accrue if payment of the unpaid amount is not made within 30 days of the final determination that payment is due. It does not provide for interest to accrue during the period of time it takes to determine that an error has been made. Congressional intent was not, as NME contends, that providers receive interest for the years it takes to resolve disputes over Medicare reimbursement. We also reject NME's argument that our decision in *NME I* was a final determination of the 1980–1984 claims. The only

years that were before us in *NME I,* and therefore the only for which the *NME I* decision could operate as a final determination, were fiscal years 1974–1979.

On the facts of this case, we hold that the issuance of the revised NPRs constituted "the final determination in question." *Oregon v. Bowen,* 854 F.2d at 349. Because the payments were made within 30 days of that final determination, NME may not obtain interest under § 1395g(d).

## II. *42 U.S.C. § 1395oo(f)(2)*

■ NME's 42 U.S.C. § 1395oo(f)(2) claim for interest is based on its argument that it was a prevailing party in an action brought under the second sentence of 42 U.S.C. § 1395oo(f)(1).[1]

42 U.S.C. § 1395oo(f)(2) provides that:
[w]here a provider seeks judicial review pursuant to paragraph (1), the amount in controversy shall be subject to annual interest beginning on the first day of the first month beginning after the 180–day period as determined pursuant to subsection (a)(3) ... to be awarded by the reviewing court in favor of the prevailing party.

Under this section, a final decision from the PRRB on a provider's Medicare reimbursement claim or a reversal, affirmance, or modification by the Secretary of the PRRB's decision, is a necessary prerequisite to judicial review. *Pacific Coast Medical Enter. v. Harris ("PCME"),* 633 F.2d 123, 128 (9th Cir.1980); *Daniel Freeman Memorial Hospital v. Schweiker,* 656 F.2d 473, 476 (9th Cir.1981). Thus, in order to be entitled to interest under § 1395oo(f)(2), NME must (1) have received a final determination from the PRB on a Medicare reimbursement claim, or a reversal, affirmance, or modification by the Secretary of such a PRB decision; (2) have sought judicial review of that decision; and (3) have been the prevailing party in such judicial action.

NME is not entitled to interest under 42 U.S.C. § 1395oo (f)(2). NME received a fi-

---

**1.** The second sentence of 42 U.S.C. § 1395oo (f)(1) states:
Providers shall have the right to obtain judicial review *of any final decision of the Board,* or of any reversal, affirmance, or modifica-

tion by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received. (emphasis added)

nal decision when the PRRB decided that it had "no authority to grant interest awards" for the fiscal years 1980–1984. It sought judicial review of that decision in this court action. Thus, it met the first two requirements of the section.

NME cannot obtain interest, however, because it is not a "prevailing party" in this judicial action. NME's underlying ROE claim for the fiscal years 1980–1984 was not presented either to the district court or to this court on appeal. Neither has it prevailed on its claim to interest under § 1395(g)(d). Thus, it is not entitled to interest on that claim under § 1395oo(f)(2).[2]

## CONCLUSION

Although the district court understandably was troubled by the government's unjustifiable delay in this case, it correctly held that the law did not allow an award of interest. The judgment of the district court is AFFIRMED.

**2.** We also reject NME's argument that "judicial waiver" is appropriate in this case under *Briggs v. Sullivan*, 886 F.2d 1132 (9th Cir.1989). NME's claim is not collateral to a substantive claim of entitlement, but is itself a substantive claim of entitlement.