## City of Barre v. Harley W. Kidder

[155 A2d 742]

May Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith,** JJ

Opinion Filed September 1, 1959.

Motion for Reargument Denied November 3, 1959.

*Harley W. Kidder, pro se.*

*Reginald T. Abare* for the plaintiff.

■ **Shangraw, J.** This is an action of contract on a bond, with specifications, to recover for expense incident to a recount of ballots in the City of Barre. The general issue was pleaded. The case was heard upon an agreed statement of facts and upon findings of fact made by the court judgment was rendered for the plaintiff. The case is here on the defendant's exceptions to the judgment, so the only question presented is whether the judgment is supported by the facts found. *Peck* v. *Patterson,* 119 Vt 280, 125 A2d 813; *Bennington* v. *Telford,* 119 Vt 397, 399, 127 A2d 275; *Potter* v. *Clarendon,* 118 Vt 278, 279, 108 A2d 394, and cases cited; *Andrews* v. *Newton,* 118 Vt 290, 291, 108 A2d 517; *Hanley* v. *United Steel Workers of America,* 118 Vt 378, 379, 110 A2d 728.

The controversy in the present instance must be determined upon the construction of §20, of No. 304 of the Acts of 1955, entitled "An Act to Amend the Charter of the City of Barre," providing for a recount of votes for certain candidates seeking election, reading in part as follows:

> "Sec. 20. Any candidate for election for alderman, school commissioner or any other ward or city officer, or any twenty-five legal voters who are dissatisfed with the results of the count of the ballots by the inspectors of election and clerks of the several wards, may cause a recount to be had by serving written notice upon the city clerk specifically setting forth the grounds upon which he or they ask for a recount, and by furnishing good and sufficient bond to the satisfaction of the city clerk, that he or they will pay to the city all costs and expenses connected with said recount *if the result of said recount is not in his or their favor.* * * *"

The court found the following facts here material. At the annual municipal elections held in the City of Barre on the 4th day of March, 1958, the defendant was a candidate for the office of moderator receiving 1201 votes. H. William Scott also ran for this office and received 1411 votes. The

defendant was also a candidate for trustee of French's Barre Library and a tabulation of the votes cast at the March meeting disclosed that he was successful in his election to that office. The defendant thereafter duly filed with the city clerk of the city of Barre a request or notice for a recount of the votes cast for each office pursuant to §20, No. 304 of the Acts of 1955. A bond, with surety, was furnished by the defendant to the satisfaction of the city clerk. Thereafter, on the 15th day of March, 1958, the justices of the peace, as provided for in the above act of 1955, at a meeting duly warned, recounted the ballots of the election held on March 4, 1958, for the office of moderator as well as trustee of French's Barre Library. The recount disclosed that the defendant received 1105 votes for the office of moderator while his opponent, H. William Scott, received 1414 votes for this office. The result of the recount of the votes for moderator showed no change in the election of Mr. Scott and, therefore, the recount did not result in favor of the defendant. In fact the total result was less favorable to the defendant than the original tabulation of votes. On the recount of votes for trustee of French's Barre Library the final tabulation disclosed that the defendant was successful in his election to that office. No claim is made in this action by the plaintiff for expenses incurred by the city of Barre incident to the recount of votes for the office of trustee of French's Barre Library. We are, therefore, only concerned with the expense incident to the recount as it applies to the office of moderator.

██ A "recount" is not a contest. It is an ascertainment of the result shown by the ballots. *Goff* v. *Young*, 61 W Va 693, 57 SE 328. Such statutes are liberally construed to accomplish the purpose of determining the result of an election as evidenced by legal ballots. *Conley* v. *Hile*, 207 Ind 488, 193 NE 95. The obvious purpose of the charter provision in question was to assure a candidate, or twenty-five legal voters, if they so desired, the opportunity, by recount, to determine the legal ballots cast and the person elected. In this case the recount did not reflect any change. The result of said recount was not in the defendant's favor; it failed to establish the de-

fendant's right to the office to which he was seeking to be elected. The recount affirmed the election of Mr. Scott as moderator.

On the recount the tabulation of votes varied to some extent in several of the wards from the original count. The defendant urges that he has incurred no financial obligation to the City of Barre under the above charter provisions, contending, in substance, that any change in the recount or the tabulation of votes for or against him is sufficient to justify his position of non-liability for the expenses here claimed. This view is inconsistent with the manifest purpose of the charter provisions under consideration. No error appears.

*Judgment affirmed.*