LESLIE TEX BEGAY

Petitioner-Appellant

vs.

BOARD OF ELECTION SUPERVISORS
and ELSIE S. LEE

Respondents-Appellees

Decided On October 29, 1979

Albert Hale, Gallup, New Mexico, for Petitioner-Appellant

Gary Verburg, Vlassis, Ruzow & Crowder, Phoenix, Arizona, for Respondent-Appellee Board of Election Supervisors

Before McCABE, Acting Chief Justice, BECENTI and BLUEHOUSE, Associate Justices

McCABE, Acting Chief Justice

I.

On September 4, 1979, Chapter House elections were held throughout the Navajo Nation. The results for the position of Chapter Vice-President in Coyote Canyon were initially counted as one hundred and twenty (120) votes for Leslie Tex Begay and one hundred and eighteen (118) votes for Elsie S. Lee.

The following day, Elsie Lee requested by letter to the Board of Election Supervisors a recount and re-examination of thirty-one (31) voided ballots.

By letter to Elsie Lee dated September 17, 1979, the Board

of Election Supervisors scheduled a recount for September 21st and requested the required fifty dollar ($50) fee. Leslie Tex Begay was notified of the recount by letter at the same time.

On the basis of the recount, the Board of Election Supervisors concluded the results of the election to be one hundred and thirty-two (132) votes for Elsie S. Lee and one hundred and twenty-one (121) votes for Leslie Tex Begay. The Board of Election Supervisors then passed a resolution on September 21st certifying Elsie S. Lee as the winner of the election.

On October 5, 1979, the appellant filed a notice of appeal and brief and request for a temporary restraining order to prevent Elsie Lee from being sworn in as Vice-President. the temporary restraining order was granted the same day.

Appellant's petition alleged that the recount held by the Board of Election Supervisors was in violaton of the Rules and Regulations for Disputes Arising on Local Chapter Elections in that a verified statement of contest was never filed, had not been filed within ten (10) days of the election or served upon the appellant. The petition further alleged that the Board of Election Supervisors held a hearing regardless of the fact that no statement of contest had been properly filed and that the hearing was held more than fifteen (15) days from the date of the election in violation of the rules. Appellant also claimed that the recount was improperly conducted, violating appellant's right to due process and equal protection of law.

The Board of Election Supervisors responded that the request for a recount was not an election contest and that the appellant had failed to exhaust his administrative remedies by failing to file a statement of election contest.

A full hearing was held on October 12, 1979.

II.

The questions raised by this appeal are:

1.  Has the appellant exhausted his administrative remedies?

2.  If the appellant has exhaused his administrative remedies, did the Board of Election Supervisors improperly conduct the election for Vice-President in the Coyote Canyon Chapter?

Because we answer the first question in the negative, we do not reach the second question.

III.

The authority for the Board of Election Supervisors to conduct a recount of the ballots is found in Title 11, Section 21 of the Navajo Tribal Code. Section 21 provides a right to a candidate to have the votes recounted upon payment of a specified sum. It also allows the Board of Election Supervisors to conduct a recount on its own initiative if the Board believes there has been an irregularity in the voting or the counting. The Code does not specify the specific manner

in which a recount must be requested. However, it seems reasonable to this Court that a request from a candidate to the Board of Election Supervisors, such as was made in this case, is sufficient.

Title 11, Section 51 of the Navajo Tribal Code gives the Board of Election Supervisors the authority to adopt rules and regulations for deciding disputes arising in connection with Tribal elections. Pursuant to this authority, the Board adopted "Rules and Regulations for Disputes Arising on Local Chapter Elections" by resolution dated May 25, 1979. Appellant now alleges that the Board of Election Supervisors violated these rules.

This Court does not believe that a request for a recount is a dispute contemplated by 11 N.T.C. 51. If it was, the Navajo Tribal Council would not have provided a separate section to deal specifically with recounting of votes. See City of Barre vs. Kidder, 121 Vt. 266, 155 A.2d 742, 744.

The only manner in which the request for a recount and the recount itself could be considered a dispute is if the validation of previously voided ballots can be considered a dispute.

> It is clear that a "recount of votes cast" is not limited to the mechanical process of counting ballots, but embraces at least the adjudication of whether a vote is illegal by reason of the nonresidence of the voter.
> [Emphasis Added]
> Canales vs. City of Alviso, 3 Cal.3d 118, 89 Cal. Rptr. 601, 474 P.2d 417 at 424 (1970)

It seems logical, as stated above by the Supreme Court of California, that the purpose of a recount is to determine whether or not a ballot is legally cast. In addition to actually counting the votes cast, this is all the Board of Election Supervisors did in this case.

Additionally, the wording of 11 N.T.C. 21(c) strengthens our belief that the Board is allowed to re-examine previously voided ballots. Otherwise, the reference to voting or counting irregularities would be meaningless.

We therefore rule that the recount conducted in this case was not a dispute to be resolved under the rules for election contests.

As no election contest had been initiated by Elsie Lee's request for a recount and the subsequent certification of her by the Board of Election Supervisors, appellant has not exhausted his administrative remedies provided by Rule II of the rules for election contests prior to this appeal.

Administrative remedies must be exhausted before court relief is sought. Stephens vs. Industrial Commission of Arizona, 114 Ariz. 92, 559 P.2d 212 (1977); State Racing Commission vs. McManus, 82 N.M. 108, 476 P.2d 767 (1970).

We have previously indicated our belief that administrative remedies must be exhausted before resort to our courts. See Brewster vs. Bee and Benally, 1 Nav.R. 128 at 130 (1977). So that problems

of the nature experienced in this case do not occur again in the future, we now hold that whenever and wherever the Navajo Tribal Code or properly devised rules and procedures pursuant thereto prescribe an administrative remedy, it must be exhausted prior to judicial recourse.

If one goes to a medicine man and is told to gather materials to enable the medicine man to perform, one's failure to do so will make it difficult or impossible for the medicine man to perform. Similarly, the failure to exhaust administrative remedies slows the processes of the Court and prevents the Court from proceeding.

Therefore, the appeal in this matter must be dismissed for failure to exhuast administrative remedies.

IV.

In reviewing the applicable election laws, this Court has experienced some confusion. In our opinion, the Navajo Tribal Council must take affirmative steps to simplify the maze of laws which do not all even exist in one place. Perhaps clearer laws will result in fewer challenges and disputes. Additionally, steps must be taken to ensure that all candidates and all citizens of the Navajo Nation fully understand election laws and procedures.

V.

For the reasons stated above, the appeal in the above-

entitled matter is DISMISSED. The Temporary Restraining Order, issued October 5, 1979, is VACATED.

BECENTI, Associate Justice and BLUEHOUSE, Associate Justice, concur.