Duane GOODFACE; Winona Long; Charles Langdeau; Patrick Spears and William Ziegler, Appellees,

v.

Garfield GRASSROPE, Kay Gourneau; Debra Isburg; Orville C. Langdeau and Michael Jandreau; Darrell Middletent, Appellants.

Donald Dodge, in his official capacity as Acting Area Director for the Bureau of Indian Affairs for the Aberdeen Area Office and William C. Gipp, in his official capacity as acting superintendent of the Bureau of Indian Affairs for Lower Brule Agency.

Duane GOODFACE; Winona Long; Charles Langdeau; Patrick Spears and William Ziegler, Appellees,

v.

Garfield GRASSROPE; Mike Jandreau; Kay Gourneau; Debra Isburg; Orville C. Langdeau; Darrell Middletent, Donald Dodge, Individually and in his official capacity as Acting Area Director for the Bureau of Indian Affairs for the Aberdeen Area Office; William Gipp, Individually and in his official capacity as Acting Superintendent of the Bureau of Indian Affairs for Lower Brule Agency; Edwin Miller, in his official capacity as Superintendent of the Bureau of Indian Affairs for Lower Brule Agency; Jerry Jaeger, in his official capacity as Area Director for the Bureau of Indian Affairs for the Aberdeen Area Office; and the United States of America, Appellants.

Nos. 83–1542, 83–1641.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1983.

Decided May 31, 1983.

Mario Gonzalez, Pine Ridge, Sidney C. Flores, Flores, Estremera & Barrios, San Jose, Cal., for appellees.

Martin W. Matzen, Blake A. Watson, Attys., Dept. of Justice, Washington, D.C., for federal appellants.

R. Dennis Ickes, and Tristan C. Cannon of R. Dennis Ickes, P.C., Salt Lake City, Utah, and William J. Srstka, Jr., of Dunan, Olinger, Srstka, Lovald & Robbennolt, Pierre, S.D., for appellants.

Before BRIGHT, McMILLIAN and FAGG, Circuit Judges.

BRIGHT, Circuit Judge.

The controversy underlying these appeals concerns a dispute over a tribal election held by the Lower Brule Sioux Tribe on November 17, 1982. The district court, in a judgment filed April 22, 1983, directed that the defendant officials of the Bureau of Indian Affairs (hereinafter collectively referred to as the BIA) recognize the newly elected council as the governing body of the tribe over the rights of the 1980 council, which claimed that its successors had not been duly elected because the November election was invalid. This court temporarily stayed the district court's judgment pending appeal. After considering the questions of jurisdiction and of the propriety of the stay, we hereby vacate our stay order dated April 25, 1983 and remand this case to the district court for entry of a modified judgment, requiring the BIA to recognize the council newly elected in the 1982 election until the election dispute is resolved in a tribal court. We conclude the district court lacked jurisdiction to enter a judgment based on a final resolution of the underlying election dispute, but determine that the district court possessed limited jurisdiction to review the BIA's final decision which, in effect, declined to recognize either

faction. The district court shall enter an appropriate modified judgment in conformity with this opinion.

## I. *Background.*

The Lower Brule Sioux Tribe (the Tribe) is a federally-recognized tribe under the Indian Reorganization Act, 25 U.S.C. § 461 *et seq.* In 1960, the Tribe adopted a tribal constitution vesting the powers of governing the Tribe in a seven-member tribal council, to be elected every two years. In the fall of 1982, the 1980 tribal council appointed an election board to conduct the biennial election. The election took place on November 17, 1982, and resulted in the reelection of three incumbents and the election of four newcomers. Following the election, the election board received and considered several complaints of improprieties in the election process, and then certified the election results to the tribal council. The 1980 tribal council rejected the election board's certification of the election, deciding that a new election should be held in April of 1983.

Considering themselves the duly-elected and certified tribal council, the 1982 council [1] requested the BIA to recognize them as the legally-elected tribal council, arguing that under the tribal constitution and by-laws, the tribal council may not invalidate election results certified by an election board. The BIA Local Superintendent and Area Director, however, rejected the 1982 council's request and decided to continue dealing with the 1980 council.

Before exhausting the BIA appeals process, members of the 1982 council filed suit in federal court on January 14, 1983, seeking an order to require the BIA to recognize them. The district court took jurisdiction, and on February 28, 1983, temporarily enjoined the 1980 council from holding a new election. Thereafter, the district court began hearing the case on the merits. In the meantime, the BIA reached a final decision, declaring on March 23, 1983, that the election dispute was an intratribal matter which must be resolved by the Tribe. On April 11, 1983, the BIA clarified that decision by explaining that it took no position on the merits and would not officially recognize either council. Instead, the BIA declared, until the Tribe resolved the dispute, it would deal with both councils on a de facto basis as necessary to maintain basic services to the Tribe.

On April 20, 1983, the district court issued its judgment from the bench. After examining the tribal constitution and bylaws, the district court concluded that the 1982 council was entitled to recognition, and entered injunctive orders to achieve that result. The district court decided that under the tribal constitution and bylaws, election results which have been certified by an election board are final and not reviewable by the tribal council. Upon application by the 1980 council members, this court granted a stay of the district court's orders. Both the 1980 council and the BIA representatives have filed notices of appeal.[2]

All parties have agreed that this court may consider whether to continue or dissolve its stay on the basis of the parties' briefs and oral arguments and the files and records of the district court, without waiting for preparation of the transcript of the testimony at trial. The parties have also agreed that this court may address the merits of the appeals on the same basis, to the extent that the merits are to be resolved on jurisdictional grounds.

## II. *Issues.*

### A. *Appellate Jurisdiction.*

■ The first question we must address is whether the 1980 council's stay request

---

1. Two of the incumbents reelected in the 1982 election, Jandreau and Gourneau, have taken the side of the 1980 council members in this action.

2. The appeal by the 1980 council members Gourneau, Grassrope, Jandreau, Langdeau, Isburg and Middletent carries number 83–1542. The appeal by the federal (BIA) defendants carries number 83–1641. At oral argument, the court ordered consolidation of the appeals.

and appeal are properly before this court.[3] The 1982 council argues that the members of the 1980 council have no right to challenge the district court's judgment, because they are not aggrieved parties under that judgment. Of the two claims brought by the 1982 council, one was against the federal defendants alone, based on 28 U.S.C. § 1331 (federal question) and 5 U.S.C. §§ 701 et seq. (the Administrative Procedure Act or APA). The other claim, based on 42 U.S.C. § 1985(3), included both the federal defendants and the 1980 council members, but the district court dismissed it for failure to state a constitutional deprivation. The 1982 council contends that because the 1980 council members prevailed on the only claim against them, they are not aggrieved by the district court's judgment and may not appeal.

Examination of the district court's judgment reveals that the 1980 council members are aggrieved parties despite the dismissal of the section 1985 claim. In its initial oral findings of fact and conclusions of law entered April 28, 1983, the district court specifically "ordered that no member of the 1980 council or any of their employees or agents shall do any act whatsoever to frustrate or to harrass [sic] or to interfere with the orderly assumption to office of the 1982 Tribal Council * * *." Although the district court's subsequent memorandum opinion did not order relief against the 1980 council, the order requiring the BIA to recognize the 1982 council had a direct and adverse impact on the 1980 council. Accordingly, we conclude that we have jurisdiction over both the appeals and the stay request.

### B. District Court Jurisdiction.

◼ We must next consider whether jurisdiction exists in the district court to resolve the election controversy—a matter the 1980 council characterizes as an intratribal dispute. If the only parties to this action were the 1980 and 1982 councils and the only question presented was one of interpreting the tribal constitution and bylaws, we doubt whether a federal court would have jurisdiction.[4] However, the 1982 council named various BIA officials as defendants in addition to the 1980 council members. We hold that the district court did have jurisdiction under 28 U.S.C. § 1331 to review, pursuant to the APA, the action taken by the BIA in refusing to recognize either tribal council. Although the APA may not be used as an independent grant of subject matter jurisdiction to review agency actions, the Supreme Court stated in *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977), that 28 U.S.C. § 1331 confers general jurisdiction on federal courts to review federal agency actions "subject only to preclusion-of-review statutes." We know of no statute precluding judicial review of BIA actions, and therefore we determine that the district court could review the agency action under the arbitrary or capricious standard enunciated in 5 U.S.C. § 706(2)(A).

### C. Review of BIA Action.

◼ The final BIA action subject to judicial review is its decision to recognize both tribal councils only on a de facto basis. Such a recognition of both councils amounts to a recognition of neither. Thus, the district court correctly found that the BIA acted arbitrarily and capriciously by effectively creating a hiatus in tribal govern-

---

**3.** We clearly have jurisdiction over the BIA's appeal, because the district court's judgments run directly against the federal defendants.

**4.** Although in the past this court has found federal jurisdiction over such disputes based on the Indian Civil Rights Act, 25 U.S.C. §§ 1301 et seq., see e.g., *Rosebud Sioux Tribe of South Dakota v. Driving Hawk*, 534 F.2d 98 (8th Cir. 1976), *Means v. Wilson*, 522 F.2d 833 (8th Cir. 1975), *cert. denied*, 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364 (1976), the Supreme Court has

held that the only federal relief available under the Indian Civil Rights Act is a writ of habeas corpus. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). Thus, actions seeking other sorts of relief for tribal deprivations of rights must be resolved through tribal forums. *See also Shortbull v. Looking Elk*, 677 F.2d 645, 650 (8th Cir.), *cert. denied*, —— U.S. ——, 103 S.Ct. 211, 74 L.Ed.2d 168 (1982).

ment which jeopardized the continuation of necessary day-to-day services on the reservation. The BIA, in its responsibility for carrying on government relations with the Tribe, is obligated to recognize and deal with some tribal governing body in the interim before resolution of the election dispute. We commend the BIA for its reluctance to intervene in the election dispute, but it was an abuse of discretion for the BIA to refuse to recognize one council or the other until such time as Indian contestants could resolve the dispute themselves. We conclude that, for the time being, the BIA should be required to deal with the 1982 council as the certified and sworn winners of the tribal election.

■ Although we agree with the district court that the BIA should recognize the 1982 council, at least on an interim basis, the district court should not have addressed the merits of the election dispute in reaching that decision. We recognize that the district court faced a practical problem. The BIA's action effectively recognized a two-headed administration with no real power to govern. Although it was necessary to remedy the situation by ordering the BIA to recognize one governing body, the district court overstepped the boundaries of its jurisdiction in interpreting the tribal constitution and bylaws and addressing the merits of the election dispute.

The district court relied heavily on an as yet unpublished opinion, *Milam v. United States Department of Interior,* No. 82–3099 (D.D.C. Dec. 23, 1982), in deciding that it would address the merits of the election dispute, notwithstanding that unexhausted tribal remedies remained available. *Milam* is distinguishable from the case at bar, because in *Milam* no tribal remedies existed. Here, the Tribe has a functioning tribal court, which the parties recognize as a court of competent jurisdiction to resolve tribal election disputes. The tribal court has handled election disputes in the past, and is available to handle this dispute as well. It

is essential that the parties seek a tribal remedy, for as previously noted, substantial doubt exists that federal courts can intervene under any circumstances to determine the rights of the contestants in a tribal election dispute.

### III. *Conclusion.*

We conclude that the district court possessed jurisdiction only to order the BIA to recognize, conditionally, either the new or old council so as to permit the BIA to deal with a single tribal government. That recognition should continue only so long as the dispute remains unresolved by a tribal court. Moreover, the district court in deciding which council to recognize as a preliminary matter could, by applying equitable principles, determine that the newly elected council, whose successful election received certification from the tribal election board, should govern in the interim period until the dispute reaches initial resolution by a tribal court.

Accordingly, we vacate our stay (and clarification thereof filed May 9, 1983) to take effect forty-eight hours after the filing of this order. As of that date, in accordance with the district court order as affirmed in part herein, the BIA shall recognize the members of the tribal council who were elected in 1982 as the governing officials of the tribe.

On the merits, we affirm in part and reverse in part on jurisdictional grounds and remand this case to the district court with directions to modify its order to conform with this opinion. Once the modified order is on file, the district court should enter no further orders addressing the merits of the election dispute, except to modify its judgment to direct the BIA officials, if necessary to do so, to recognize as tribal officials those persons who are recognized as the tribal council entitled to govern the Tribe pursuant to a judgment entered by a tribal court.

Let our mandate issue forthwith.[5]

---

5. The issuance of the mandate is without prejudice to the rights of the parties under Fed.R.

App.P. 35(b) and 40.