WISCONSIN WINNEBAGO BUSINESS
COMMITTEE, Plaintiff,

v.

John KOBERSTEIN, Kurt Blue Dog,
David Gragg, Eagle Feather Manage-
ment Corporation, Parmenton Decor-
ah, James Greendeer, James Ebert,
Merlin Redcloud, Jr., and Jesse Little-
george, Defendants.

No. 86–C–299–S.

United States District Court,
W.D. Wisconsin.

June 11, 1986.

Thomas J. Casey, Laabs & Radcliffe,
Black River Falls, Wis., for plaintiff.

John P. Koberstein, Madison, Wis., pro
se.

ORDER

SHABAZ, District Judge.

On May 23, 1986, an evidentiary hearing
was scheduled in the above entitled matter
on plaintiff's motion for a preliminary in-
junction. Because of defendants' challenge
to jurisdiction the hearing was limited to
this issue: whether jurisdiction exists to
allow the Court to consider plaintiff's third
cause of action.

▉ The first cause of action to deter-
mine the membership and officers of the
plaintiff Wisconsin Winnebago Business
Committee was dismissed at the outset.

If the only parties to this action were the
1980 and 1982 councils and the only ques-
tion presented was one of interpreting
the tribal Constitution and bylaws, we
doubt whether a federal court would
have jurisdiction.

It is essential that the parties seek a
tribal remedy, for as previously noted,
substantial doubt exists that federal
courts can intervene under any circum-

stances to determine the rights of the contestants in a tribal election dispute. *Goodface v. Grassrope,* 708 F.2d 335 (8th Cir.1983).

Even though no tribal mechanism may be available to resolve the present tribal dispute, nonetheless, this Court does not have jurisdiction to enter the fray. The Bureau of Indian Affairs (BIA) on March 25, 1986, provided the current list of Wisconsin Winnebago Business Committee Tribal Officials and council members as recognized by the United States Department of the Interior.

For plaintiff to challenge this certification it must first address appropriate administrative remedies before coming to this Court for review. The BIA cannot be compelled by the Court to recognize plaintiff as the governing body of the Wisconsin Winnebago Tribe of Indians at this time.

■ The second cause of action concerns the Eagle Feather Management Bingo Contract, which could be reviewed by this Court pursuant to 25 U.S.C. § 81 if it had jurisdiction. The Court has found, however, that the defendants have recognized disapproval of the contract by BIA. Defendants do not operate under its contractual provisions, but under a separate employment contract. Accordingly, there is no operational bingo management contract which may be declared null and void by this Court even if jurisdiction were found to exist.

The bingo management contract under which the parties operated commencing in July of 1985 was declared null and void by BIA on January 10, 1986, and is not recognized as the operating document for purposes of this proceeding by any of the parties. Alternatively, plaintiff's second cause of action must be dismissed for want of a justiciable controversy.

■ Plaintiff's third cause of action has been divided into parts of two by the Court. An accounting from July 1985 to January 10, 1986, during which period the defendants operated under the now null and void Eagle Feather Management Bingo Con-

tract, and that period after January 10, 1986, pursuant to an employment contract. The latter part of this third cause of action could, of course, be more appropriately pursued in state court, the constraints of 28 U.S.C. § 1360 apparently depriving this Court of jurisdiction.

Before requiring the defendants to provide an immediate accounting, the Court for this singular purpose must determine jurisdiction. To do otherwise would deny jurisdiction upon mere contrary allegations.

The hearing established the following facts:

The tribal governing body consists of 12 members and is designated Wisconsin Winnebago Business Committee, the plaintiff in this action.

On March 24, 1985, the Business Committee, in executive session, voted 4 to 3 to remove Jesse Littlegeorge from its membership for neglect of duty, unexcused absence, and failure to attend three meetings in succession.

On November 2, 1985, the Committee voted 5 to 2 to remove Jesse Littlegeorge for health reasons, for three charges already served upon him and the March 24, 1985 executive session action against him.

Littlegeorge was served a copy of the March 24, 1985 minutes by Ona Whitewing Garvin.

The Constitution and Bylaws of the Wisconsin Winnebago Tribe set forth the provisions for removal from office at Article VI:

ARTICLE VI. REMOVAL FROM OFFICE.

*Section 1.* (a) The business committee by a two-thirds (⅔) vote may remove any member of the committee from office for malfeasance, for dereliction or neglect of duty, for unexcused failure to attend three regular meetings in succession, for conviction of a felony in any county, State or Federal court while in office or for any willful and persistent misconduct reflecting on the dignity and integrity of the business committee or tribe or failure to comply with any provisions of the constitution and bylaws. Notice in writ-

ing stating the charges shall be served upon the accused by the business committee and he shall have 30 days to answer said charges in person or in writing.

Jesse Littlegeorge attended the February 22, 1986 Business Committee meeting and voted.

On March 2, 1986, the Committee reconvened the executive session of February 22, 1986, and adopted a resolution removing Jesse Littlegeorge by a vote of 6 to 0. Douglas Greengrass was placed on the Committee by the same vote.

On February 28, 1986, BIA Superintendent Arnold wrote to Glenn White, council member, in part as follows:

Although my interpretation of your constitution was that it had to be ⅔ of the Business Committee voting to remove, I think the Winnebagos have determined that it is ⅔ of the quorum that constitutes a legal removal. I will concede to the determination of the Wisconsin Winnebago Business Committee.

On March 14, 1986, Superintendent Arnold wrote Mr. White, in part, as follows:

Also, your stand that Jessie Littlegeorge was removed by the WWBC and is no longer a member of the governing body (based on previous actions of the WWBC in the Myron Lowe removal) has some merit. If this is the position of the governing body, then the WWBC would consist of eleven members and 6 would constitute a quorum (majority) and have authority to conduct a meeting when all members are advised through the proper methods, of the meeting. If the proper action was taken in the reconvening of the February 22, 1986 meeting on March 3, 1986, then all actions taken at the March 3 meeting should be recognized as legal actions of the Winnebago Tribe.

Having written all this, on March 25, 1986, Superintendent Arnold wrote Chairman Merlin Redcloud as follows:

Enclosed is a copy of the current list of Wisconsin Winnebago Business Committee Tribal Officials and council members as recognized by this office as of this date.

| Name | Date of Election | Term Expires | District Represented |
|---|---|---|---|
| Tribal Officials | | | |
| Chairman | | | |
| Merlin RedCloud, Jr. | June 8, 1985 | June 1987 | At-Large |
| Vice-Chairman | | | |
| James Greendeer* | June 11, 1983 | June 1987 | Tomah/ LaCrosse Area II |
| Secretary | | | Non-Voting |
| Treasurer | | | Non-Voting |
| Council Members | | | |
| Lee Brown, Jr. | June 8, 1985 | June 1989 | Black River Falls, Area I |
| Jesse Littlegeorge | June 11, 1985 | June 1987 | Black River Falls, Area I |
| Glen White | June 8, 1985 | June 1989 | Black River Falls, Area I |
| Ronald Decorah | June 8, 1985 | June 1989 | At-Large |
| Clarence Tipton | June 8, 1985 | June 1989 | At-Large |
| Parmenton Decorah | June 11, 1985 | June 1987 | At-Large |
| Leslie Decorah | George Whitewing asked to step down on July 12, 1985 | | Wittenberg Area III |
| Ona Garvin | June 8, 1985 | June 1989 | WisDells/Rapids Area IV |

| Name | Date of Election | Term Expires | District Represented |
| --- | --- | --- | --- |
| Conroy Greendeer | June 8, 1985 | June 1989 | WisDells/Rapids Area IV |
| Carol LaMere | June 11, 1985 | June 1987 | WisDells/Rapids Area IV |

\* Elected VC on July 12, 1985

The Court must conclude that it cannot determine the requisite jurisdiction necessary to provide plaintiff even that limited relief which is requested in its third cause of action.

The defendants have, indeed, raised a valid objection to jurisdiction. To find jurisdiction this federal Court would be required to determine the rights of at least two contestants in a tribal election dispute. The Court accepts the suggestion of *Goodface*, and believes the primary question, that of interpreting the tribal constitution and bylaws, cannot be accomplished by judicial intervention at this time.

Its letter of March 25, 1986, setting forth tribal officials and council members, is apparently the last word on the subject from the Bureau of Indian Affairs. The Superintendent wrote this letter after responding to previous inquiries made of him by Glenn White, council member. The list as provided by Superintendent Arnold in his letter of March 25, 1986 would indicate that the council members are equally divided between plaintiff and defendants. Six members are not sufficient to bring this action in the name of the tribe. It is not a majority of the 12-member committee.

This is particularly so where the most recent decision of the Bureau of Indian Affairs determining the membership of plaintiff has not been administratively challenged. All parties have sought clarification, advice and certification from the Bureau of Indian Affairs. To now allow an aggrieved party to obtain a declaratory decree from a federal Court reversing an administrative determination where due and sufficient administrative proceedings have not been undertaken must be considered outside the jurisdiction provided this Court.

Finally, to find jurisdictional facts under these circumstances in order to address the third cause of action would by its very nature require an action prohibited by jurisdictional constraints.

Accordingly,

### ORDER

IT IS ORDERED that defendants' motion to dismiss for lack of jurisdiction over the subject matter is GRANTED.

Let judgment be entered accordingly.