**WHITE MOUNTAIN APACHE TRIBE, Plaintiff–Appellant,**

v.

**Donald P. HODEL, et al., Defendants–Appellees.**

No. 87–1504.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1988.

Decided Feb. 24, 1988.

William H. Veeder, Washington, D.C., for plaintiff-appellant.

Martin W. Matzen, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before ALDISERT,* WALLACE and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

This appeal is part of the White Mountain Apache Tribe's continuing efforts to litigate in Federal District Court its claims of Department of Interior mismanagement. The Tribe claims allegedly poor performance on the part of the government as trustee for the Tribe's natural resources on its reservation in Arizona. The district court dismissed without prejudice the aspect of the litigation now before us because of the Tribe's failure to exhaust administrative remedies within the Department of the Interior.

The Tribe originally filed this action in 1983. In an earlier appeal, we considered the district court's dismissal of the Tribe's claim for federal adjudication of water rights involving the Salt River, which has its headwaters within the reservation. *White Mountain Apache Tribe v. Hodel,* 784 F.2d 921 (9th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 644, 93 L.Ed.2d 700 (1986). There we held that the water rights claim was properly dismissed because of a pending comprehensive water allocation proceeding in Arizona state court. We admonished the Tribe for persistent and counterproductive resistance to state court jurisdiction. We urged the Tribe to make its objection to the government's course of conduct known in the state court's proceedings. *White Mountain Apache Tribe,* 784 F.2d at 924. We pointed out that were the Tribe to succeed in its efforts to prevent the government from presenting any of the Tribe's water claims in the state court, the Tribe might well lose all of its water. *Id.*

This appeal involves a claim which we acknowledged was not before us in the earlier one. *White Mountain Apache Tribe,* 784 F.2d at 923. Before us now is a claim of mismanagement of resources. We must again conclude that the Tribe is attempting to proceed in the wrong forum.

---

* Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

The present claim is that the Secretary of the Interior has fraudulently mismanaged the Tribe's grazing land and timber in order to divert Salt River water from the reservation to non-Indian water users. The district court dismissed the claim without prejudice for failure to exhaust administrative remedies. The court based its holding upon 5 U.S.C. § 704, which provides for judicial review of final agency actions. That section means that when a statute or agency rule dictates that exhaustion of administrative remedies is required, the federal courts may not assert jurisdiction to review agency action until the administrative appeals are complete. *See Montgomery v. Rumsfeld,* 572 F.2d 250, 253 n. 3 (9th Cir.1978).

The Tribe's complaints concern a series of management decisions within the Bureau of Indian Affairs and the Department of the Interior. BIA regulations require the exhaustion of administrative remedies. 25 C.F.R. § 2.3(b):

> In order to insure the exhaustion of administrative remedies before resort to court action, no decision which at the time of its rendition is subject to appeal to a superior authority in the Department shall be considered final so as to be agency action subject to judicial review under 5 U.S.C. § 704, unless when an appeal is filed, the officer to whom the appeal is made shall rule that the decision appealed from shall be made immediately effective.

There is a series of agency procedures mandated for exhaustion of administrative appeals; a decision must first be appealed to the BIA Area Director, next to the Commissioner of Indian Affairs and finally to the Interior Board of Indian Appeals. 25 C.F.R. § 2.3(a). *See* 25 C.F.R. § 2.10; 43 C.F.R. § 4.332.

The Tribe has admittedly not pursued any appeals of the management decisions which it seeks to challenge in district court. It protests that because the agency is proceeding "fraudulently" it can obtain no relief within the agency. The contention, however, is but a bald assertion which the Tribe seeks to litigate *ab initio* in district court. Were we to permit the Tribe to do so, we would be in flat contravention of the principles of exhaustion of administrative remedies.

■ Those principles require parties to pursue all administrative remedies prior to judicial review in order to allow agencies to develop a complete factual record and to apply their expertise and discretion. B. Mezines, J. Stein & J. Gruff, 5 *Administrative Law* § 49.01, pg. 49–3 (1987). In addition, the doctrine insures that a court will have before it a factual record to review, not merely an administrative decision to contradict. *Id.* at 49–6. These principles are well known in Indian law. *See National Farmers Union Insurance Companies v. Crow Tribe of Indians,* 471 U.S. 845, 856, 105 S.Ct. 2447, 2454, 85 L.Ed.2d 818 (1985) (development of full record in Tribal Court facilitates the administration of justice in federal court); *Begay v. Bd. of Election Supervisors,* 2 Navajo Rptr. 120, 125 (Navajo S.Ct.1979) ("If one goes to a medicine man and is told to gather materials to enable the medicine man to perform, one's failure to do so will make it difficult or impossible for the medicine man to perform. Similarly, the failure to exhaust administrative remedies slows the processes of the court and prevents the court from proceeding.") While appellant argues that the Secretary's alleged fraud negates the usefulness of administrative appeals, this court does not "assume in advance that an administrative hearing may not be fairly conducted." *Fahey v. Mallonee,* 332 U.S. 245, 256, 67 S.Ct. 1552, 1557, 91 L.Ed. 2030 (1947).

■ There are exceptional circumstances where exhaustion may not be required. For example, administrative review may be futile by virtue of a preannounced decision by the final administrative decision-maker. *Ringer v. Schweiker,* 684 F.2d 643, 647 (9th Cir.1982) (ruling by Secretary of Health & Human Services that a type of operation was conclusively excluded from Medicare coverage made individual appeal to administrative agency futile). There may also be objective and undisputed evidence of administrative bias which would render pur-

suit of an administrative remedy futile. *See United States v. Litton Industries, Inc.,* 462 F.2d 14, 18 (9th Cir.1972) (administrative review not futile because plaintiff's allegations of bias purely speculative). *See also 5 Administrative Law* at § 49.02[4] at 49–33.

■ This is not such an exceptional case. The Secretary of the Interior has neither made a definitive statement concerning the management decisions at issue, nor has the Tribe offered any evidence of actual bias in the BIA administrative process. In addition, the government has offered evidence of its attempts to solicit the Tribe's opinions concerning the management of its resources. Thus, the Tribe has not demonstrated that administrative remedies in this case are futile.

The Tribe urges that delay is harmful because continuing damage to its natural resources is occurring as this case proceeds. However, as the government notes, administrative decisions affecting the Tribe are ongoing. Opportunities to make the requisite administrative record continue to pass the Tribe by as it continues prematurely to invoke district court jurisdiction.

This court is aware of the Tribe's interest in the aesthetic and economic treasures on its reservation. However, the court may not review the BIA decisions without factual, administrative records. Thus, the Tribe must pursue its administrative remedies.

AFFIRMED.