MEMORANDUM *
Plaintiffs appeal the district court’s dismissal without prejudice of their suit against William Bills and Secretary of the Interior Gale Norton, in her official capacity, for actions arising out of a dispute over the governance of the Winnemucea Indian Colony in Winnemucea, Nevada. We affirm the district court. Plaintiffs have not demonstrated that the United States has unequivocally waived its sovereign immunity, and Plaintiffs have not pursued their claims against Bills on appeal. The facts are known to the parties and we do not recite them.
We review de novo dismissals based on sovereign immunity, Orff v. United States, 358 F.3d 1137, 1142 (9th Cir.2004), and dismissals for lack of subject matter jurisdiction. Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir.2003). “A district court’s findings of fact relevant to its determination of subject matter jurisdiction are reviewed for clear error.” United States v. Peninsula Communications, Inc., 287 F.3d 832, 836 (9th Cir.2002).
I. Federal Defendant Norton
With respect to Norton, Plaintiffs have failed to meet their burden of “showing an unequivocal waiver of [sovereign] immunity.” Baker v. United States, 817 F.2d 560, 562 (9th Cir.1987); see also Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) (“bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.”). On appeal, Plaintiffs have claimed jurisdiction under 28 U.S.C. §§ 1331, 1346(b)(1), 1353, 1361, and 1362; 25 U.S.C. § 1331; and the Administrative Procedure Act (“APA”), 5 U.S.C. § 706(2)(A).[1] “A mere assertion that gen *544 eral jurisdictional statutes apply does not suffice to confer jurisdiction when, as in this case, the government did not waive its immunity.” Hughes v. United States, 953 F.2d 531, 539 n. 5 (9th Cir.1992). Sections 1331, 1353, 1361, and 1362 of Title 28 do not contain waivers of sovereign immunity. See 28 U.S.C. § 1353; N. Side Lumber Co. v. Block, 753 F.2d 1482, 1484 n. 3 (9th Cir.1985) (§ 1331); Hou Hawaiians v. Cayetano, 183 F.3d 945, 947 (9th Cir.1999) (§ 1361); Assiniboine & Sioux Tribes of Fort Peck Indian Reservation v. Bd. of Oil & Gas Conservation of Mont., 792 F.2d 782, 792 (9th Cir.1986) (§ 1362). Title 25, section 1331, concerning approval for contracts relating to the employment of legal counsel by Indians and Indian tribes contains no waiver of sovereign immunity, nor is this provision related to Plaintiffs’ claims. See 25 U.S.C. § 1331.
Plaintiffs claim jurisdiction under the Federal Tort Claims Act (“FTCA”), 28 U.S.C. § 1346(b), which contains a limited waiver of the United States’s sovereign immunity. See Vickers v. United States, 228 F.3d 944, 948 (9th Cir.2000). As a jurisdictional prerequisite to bringing suit under the FTCA, a plaintiff must first file an administrative claim with the offending agency, and the claim must be denied before filing in federal court. Blair v. IRS, 304 F.3d 861, 864—65 (9th Cir.2002); Brady v. United States, 211 F.3d 499, 502—03 (9th Cir.2000). Plaintiffs have not satisfied this prerequisite and therefore cannot avail themselves of the FTCA’s limited waiver of sovereign immunity.
Plaintiffs claim jurisdiction under the APA, which also contains a limited waiver of sovereign immunity. 5 U.S.C. § 702; Assiniboine, 792 F.2d at 793. Sovereign immunity under the APA is waived only to the extent that the agency action of which a plaintiff complains is “final,” as required under 5 U.S.C. § 704. See Gallo Cattle Co. v. U.S. Dep’t of Agrie., 159 F.3d 1194, 1198 (9th Cir.1998). An agency action is “final” if it “mark[s] the consummation of the agency’s decision making process ...—it must not be of a merely tentative or interlocutory nature.” W. Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1196 (9th Cir.1997) (internal quotations and citation omitted) (alteration in the original). The regulations governing the Bureau of Indian Affairs (“BIA”) require exhaustion of administrative appeals within the BIA before a decision can be considered “final.” See 25 C.F.R. §§ 2.4(e), 2.6(a), 2.8; see also White Mountain Apache Tribe v. Hodel, 840 F.2d 675, 677 (9th Cir.1988).
The district court found that at the time the suit was filed, Plaintiffs had not complied with the procedures outlined for exhaustion under the regulations governing the BIA.[2] There is ample support in the record for the district court’s finding. Further, we are not confronted with one of those “exceptional circumstances where exhaustion may not be required.” White Mountain Apache, 840 F.2d at 677. The BIA has not made any “preannounced decision” and we are not presented with “ob *545 jective and undisputed evidence of administrative bias which would render pursuit of an administrative remedy futile.” Id. Because Plaintiffs have sought review of agency action that was not “final,” the APA does not provide a waiver of sovereign immunity.
Plaintiffs contend that the United States has breached its trust responsibility over the Winnemucca Indian Colony. A breach of a specific trust relationship between the United States and an Indian tribe is sufficient to state both a cause of action and a waiver of sovereign immunity against the United States. See Moose v. United States, 674 F.2d 1277, 1283 (9th Cir.1982). Plaintiffs, however, have not pointed to “statutes and regulations [that] clearly give the Federal Government full responsibility to manage Indian resources and land for the benefit of the Indiansf, and that] thereby establish a fiduciary relationship and define the contours of the United States’ fiduciary responsibilities.” United States v. Mitchell, 463 U.S. 206, 224, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); see also United States v. Wilson, 881 F.2d 596, 600 (9th Cir.1989). The Non-Intercourse Act, 25 U.S.C. § 177, cannot serve this purpose here as Plaintiffs do not sue as an Indian tribe. See San Xavier Dev. Auth. v. Charles, 237 F.3d 1149, 1152 (9th Cir.2001) (“Only Indian tribes may bring § 177 actions, and ‘individual Indians do not even have standing to contest a transfer of tribal lands on the ground that the transfer violated that statute.’ ”) (quoting United States v. Dann, 873 F.2d 1189, 1195 (9th Cir.1989)); see also Epps v. Andrus, 611 F.2d 915, 918 (1st Cir.1979), overruled on other grounds, James v. Watt, 716 F.2d 71, 74 (1st Cir.1983) (“As the courts have stated repeatedly, claims on the part of individual Indians or their representatives are not cognizable in federal courts under the Indian Trade and Non-Intercourse Act.”) (citations omitted). Because Plaintiffs have not directed our attention to legal documents that would establish an actionable trust relationship, they have not demonstrated a waiver of the United States’s sovereign immunity.
II. Defendant Bills
Because Plaintiffs do not challenge the district court’s dismissal of their suit against Bills in their opening brief, this challenge is waived. See Paladin Assocs. v. Mont. Power Co., 328 F.3d 1145, 1164 (9th Cir.2003).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Plaintiffs have actually claimed jurisdiction under, inter alia, Title 25, sections 1346(b)(1), 1361 and 1362 — none of which exist in the United States Code. Both the district court and Defendants treated Plaintiffs’ jurisdiction *544 al claim properly as under Title 28, sections 1346(b)(1), 1361 and 1362, and we do so here as well.

. We take judicial notice of the materials provided by Plaintiffs under Federal Rule of Evidence 201(b)(2). These materials, however, do not affect our analysis. Because finality is a jurisdictional requirement, exhaustion is required to have occurred by the date the complaint was filed. “The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.” Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); Keene Corp. v. United States, 508 U.S. 200, 207, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993).