
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLOVERDALE RANCHERIA OF POMO INDIANS OF CALIFORNIA, a Federally-recognized Indian Tribe; JAVIER MARTINEZ; SARAH GOODWIN; LENETTE LAIWA-BROWN; GERAD SANTANA; JOHN TRIPPO, in their official capacities as members of the Cloverdale Rancheria of Pomo Indians of California Tribal Council, | No. 12-16539 <br><br> D.C. No. 5:10-cv-01605-JF <br><br> MEMORANDUM*** |

Plaintiffs - Appellants,

V.

SALLY JEWELL*, Secretary of the Interior; KEVIN K. WASHBURN**, Assistant Secretary of the Interior for Indian Affairs; MICHAEL S. BLACK, Director of the Bureau of Indian Affairs; MICHAEL R. SMITH, Deputy Director of the Bureau of Indian Affairs for Field

---

\*        Sally Jewell is substituted for her predecessor, Kenneth L. Salazar, as Secretary of the Interior.  Fed. R. App. P. 43(c)(2).

\*\*        Kevin K. Washburn is substituted for his predecessor, Donald "Del" Laverdure, as Assistant Secretary of the Interior for Indian Affairs.  Fed. R. App. P. 43(c)(2).

\*\*\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Operations; AMY DUTSCHKE, Regional Director of the Pacific Regional Office of the Bureau of Indian Affairs; TROY BURDICK, Superintendent of the Central California Agency of the Bureau of Indian Affairs; U.S. DEPARTMENT OF THE INTERIOR,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted October 9, 2014
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, District Judge.[****]

Plaintiffs-Appellants are five members of the Cloverdale Rancheria of Pomo Indians of California ("the Tribe") who seek to compel Defendants-Appellees, the Department of Interior and its officials ("the Department"), to recognize them as the Tribe's leadership and negotiate self-determination contracts with them. The district court dismissed both of Plaintiffs-Appellants' complaints for lack of subject matter jurisdiction and lack of standing. We review these dismissals de

---

[****] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

novo, *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007), and we affirm.

This case comes to us after years of dispute about the governance of the Tribe following its restoration to federally recognized status. This history is known to the parties, and we will not recite it here. Suffice it to say that over the years various factions of the Tribe have asked the Department to recognize them as the Tribe's duly-elected government. Plaintiffs-Appellants have failed to show why the federal courts can now compel the Department to intervene in this long-running intra-tribal dispute.

Plaintiffs-Appellants have not identified a discrete, non-discretionary duty sufficient to furnish the district court with subject matter jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). Nor have they established that they have statutory standing under the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 *et seq*. ("ISDA"), to bring suit, even assuming that the district court had subject matter jurisdiction under ISDA to entertain their claims. Finally, Plaintiffs-Appellants cannot bring their claims under another provision of the APA, 5 U.S.C. § 706(2), because they have not exhausted their administrative appeals.

Section 706(1) of the APA empowers federal courts "to compel agency action unlawfully withheld or unreasonably delayed." The agency action must be both "discrete" and "legally required." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004) ("*SUWA*"). None of the three purported duties Plaintiffs-Appellants identify satisfy this standard.

The first asserted duty, the Department's trust obligation to ensure the political integrity and self-determination of Indian tribes, is broad and lacks the "specificity requisite for agency action." *SUWA*, 542 U.S. at 66. The Department has considerable "discretion in deciding how to achieve" that object, *id*., and for that reason it cannot supply a court with jurisdiction.

The second asserted duty, based on the 1983 *Tillie Hardwick* settlement and the Department's decisions effectuating it, imposes on the Department "a responsibility to ensure that the *initial* tribal government is organized by individuals who properly have the right to do so." *Alan-Wilson v. Sacramento Area Director*, 30 I.B.I.A. 241, 252 (1997) (emphasis added). But this duty does not provide the court jurisdiction under § 706(1) because the Department has already discharged it. In vacating prior agency decisions that recognized governments that were not constituted according to the terms of the *Tillie Hardwick* settlement and dispatching a BIA official to identify eligible electors and

supervise the 1997 tribal meeting that endorsed the governing body that the Department now recognizes, the Department saw to it that the initial tribal government was established by those who had a right to do so.

The third asserted duty is an obligation of the Department to accept or reject Plaintiffs-Appellants' contract proposals in conformity with the criteria set out in ISDA § 450f(a) and a series of related regulations. This purported duty furnishes subject matter jurisdiction under the APA only if it is owed to Plaintiffs-Appellants. It is not. Only an "Indian tribe" or a "tribal organization" is authorized to submit a contract proposal. *See* 25 U.S.C. § 450f(a)(1)–(2). Plaintiffs-Appellants are not entitled to act on behalf of a federally recognized "Indian tribe," however, because they are not the Tribe's recognized governing body. For the same reason, even if Plaintiffs-Appellants constitute a "tribal organization," 25 U.S.C. § 450b(*l*), they are not entitled to submit a contract proposal because they were not "authorized" to do so by the Tribe's governing body, as § 450f(a)(2) requires.

For these reasons, Plaintiffs-Appellants lack statutory standing to sue, even if ISDA, rather than the APA, supplies the necessary subject matter jurisdiction, as the district court assumed it did. Therefore, the district court did not err in dismissing Plaintiffs-Appellants' fourth, fifth, and sixth claims.

Finally, the district court lacked subject matter jurisdiction under APA § 706(2) to hear Plaintiffs-Appellants' sixth claim, that the Department acted arbitrarily and capriciously, in abuse of its discretion, or otherwise unlawfully when it returned Plaintiffs-Appellants' proposed ISDA contracts and when it modified and renewed existing ISDA contracts at the request of the Tribe's recognized governing body. The Department's return of Plaintiffs-Appellants' contract proposals does not constitute "action"; rather, it was the equivalent of a "return to sender" notification. Even if it were action, Plaintiffs-Appellants did not exhaust their administrative appeals. *See White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677 (9th Cir. 1988). The same is true of Plaintiffs-Appellants' complaints about the Department's contract negotiations with their rivals.

For the foregoing reasons, we affirm the district court's dismissal of both of Plaintiffs-Appellants' complaints.

**AFFIRMED**.