NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WINNEMUCCA INDIAN COLONY; THOMAS R. WASSON; JUDY ROJO, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED STATES OF AMERICA, ex rel. The Department of the Interior; BUREAU OF INDIAN AFFAIRS; SUPERINTENDENT OF THE WESTERN NEVADA AGENCY OF THE BUREAU OF INDIAN AFFAIRS, and the Employees, Contractor and Agents of the Western Nevada Agency of the Bureau of Indian Affairs, <br><br> Defendants, <br><br> WILLIAM R. BILLS, <br><br> Intervenor-Defendant, <br><br> and <br><br> LINDA AYER; ALLEN AMBLER; JIM AYER; LAURA AMBLER; CHERYL APPERSON-HILL, <br><br> Intervenor-Defendants- | No. 18-17121 <br><br> D.C. No. 3:11-cv-00622-RCJ-CBC <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted June 8, 2020
San Francisco, California

Before: SCHROEDER and BRESS, Circuit Judges, and McSHANE,** District Judge.

This is a dispute between two groups, referred to as the Wasson faction and the Ayer faction, over which group is the rightful tribal government of the Winnemucca Indian Colony. Although the district court proceedings on review were largely a victory for the Wasson faction, the Ayer faction argues the district court lacked subject matter jurisdiction over this case from the start. We assume familiarity with the facts and procedural history and discuss them only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291. We conclude that the district court lacked subject matter jurisdiction and remand with instructions to dismiss.

"Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*,

---

** The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

858 F.2d 1376, 1380 (9th Cir. 1988). If a court lacks subject matter jurisdiction, it must "dismiss the case, regardless of how long the litigation has been ongoing." *Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016).

The Administrative Procedure Act (APA) provides for judicial review of final agency actions. 5 U.S.C. § 704; *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). Under our cases, if there is no final agency action, the court lacks subject matter jurisdiction. *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008) ("[F]inality is a jurisdictional requirement to obtaining judicial review under the APA.").

There was no final agency action here because at the time the complaint was filed, the Bureau of Indian Affairs (BIA) had not reached a final decision on whether it would recognize any group as the Colony's tribal council, or whether any such recognition was warranted. Instead, the BIA was in the middle of complying with a remand order from the Interior Board of Indian Appeals (IBIA) to answer those very questions. Any decision by the BIA would have been appealable to the IBIA, further demonstrating that the Wasson faction failed to exhaust administrative remedies to secure a final decision. 25 C.F.R. § 2.6(a). The Wasson faction's reliance on *Goodface v. Grassrope*, 708 F.2d 335 (8th Cir. 1983), is inapt because there the court was reviewing "the BIA's *final decision* which, in effect, declined to recognize either faction." *Id.* at 336–37 (emphasis added). Here, the BIA was still in the process of

3

making such a decision, and so there was no final agency action.

The district court erred in concluding that further exhaustion of remedies before the BIA and IBIA would be futile. Futility is among the "exceptional circumstances" when exhaustion of administrative remedies is not required. *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677 (9th Cir. 1988). Exhaustion is futile where continuing administrative proceedings "would clearly be of no avail," *Fones4All Corp. v. FCC*, 550 F.3d 811, 818 (9th Cir. 2008), where there is "certainty of an adverse decision," *Agua Caliente Tribe of Cupeño Indians of Pala Reservation v. Sweeney*, 932 F.3d 1207, 1219 (9th Cir. 2019), or where there is "undisputed evidence of administrative bias," *White Mountain*, 840 F.2d at 677.

In this case, and at the time the Wasson faction filed its complaint, the BIA was complying with the IBIA's remand order and had sought briefing and evidence in an effort to determine whether it needed to recognize an interim tribal government and, if so, which faction it would recognize. Nothing in the record indicates that allowing the BIA to continue with its process would have been futile, that there was certainty of a decision adverse to the Wasson faction, or that the BIA was biased.

As a result, the district court lacked subject matter jurisdiction. This means the district court's "various orders . . . were nullities." *Morongo Band*, 858 F.2d at 1381. We therefore remand this matter to the district court with instructions to (1) dismiss this case for lack of jurisdiction and (2) vacate the district court's various

4

orders, many of which related to the recognition of an interim tribal council and the tribal council election process.

We have no occasion to decide whether and how the dismissal of this action and the vacatur of the district court's orders will affect any tribal election results, tribal court rulings on these issues, or related BIA decisions; that is a matter for the tribal courts or the BIA, as appropriate. *See Cahto Tribe of Laytonville Rancheria v. Dutschke*, 715 F.3d 1225, 1226 (9th Cir. 2013) ("[A] tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community.") (internal quotations omitted); *see also Boe v. Fort Belknap Indian Cmty. of Fort Belknap Reservation*, 642 F.2d 276, 280 n.7 (9th Cir. 1981).

**VACATED and REMANDED with instructions to DISMISS**.