NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALTURAS INDIAN RANCHERIA;
WENDY DEL ROSA,

                Plaintiffs-Appellants,

    v.

DAVID BERNHARDT, Secretary of the
United States Department of the Interior;
AMY DUTSCHKE, Pacific Regional
Director, Bureau of Indian Affairs; VIRGIL
AKINS, Northern California Agency
Superintendent, Indian Affairs; UNITED
STATES OF AMERICA,

                Defendants-Appellees.

No.   19-16885

D.C. No.
2:17-cv-01750-TLN-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted December 8, 2022
San Francisco, California

Before: NGUYEN and SANCHEZ, Circuit Judges, and BOUGH,[**] District Judge.

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Plaintiff Wendy Del Rosa, purporting to represent the federally recognized Alturas Indian Rancheria tribe ("Tribe") and herself (collectively, "plaintiffs"), filed a complaint for declaratory and injunctive relief against members of the Department of the Interior ("DOI"). During intratribal disputes regarding governance and membership, DOI chose to recognize the last undisputed governing body of the Tribe in 2012, which consisted of Wendy Del Rosa, Darren Rose, and Phillip Del Rosa, for purposes of maintaining government-to-government relations in contracting with the Tribe. Plaintiff Wendy Del Rosa, who is part of one tribal faction, asks the court to order DOI to recognize a 2013 decision by the Tribe's governing body removing Phillip Del Rosa, who is part of the other faction, from holding voting and leadership positions in the Tribe. The 2013 decision was subsequently reversed by a different tribal governing body in 2014 led by the Phillip Del Rosa–Darren Rose tribal faction.

The district court found it lacked jurisdiction because adjudicating this case would necessitate engaging in the intratribal faction dispute and essentially choosing sides among the factions. We review a district court's dismissal for lack of subject matter jurisdiction de novo. *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022). We affirm.

"[T]he Supreme Court has uniformly recognized that one of the fundamental aspects of tribal existence is the right to self-government." *Wheeler v. U.S. Dep't*

2

*of Interior, Bureau of Indian Affs.*, 811 F.2d 549, 551 (10th Cir. 1987). The federal government and federal courts have also encouraged tribal self-governance, and "[federal courts] have stated that when a dispute is an intratribal matter, the Federal Government should not interfere." *Id.* Additionally, "[a] tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community," *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72 n.32 (1978), thus placing "issues of tribal membership . . . generally beyond our review." *Cahto Tribe of Laytonville Rancheria v. Dutschke*, 715 F.3d 1225, 1226 (9th Cir. 2013). Claims are therefore nonjusticiable where litigants seek "a form of relief that the federal courts cannot provide, namely, the resolution of the internal tribal leadership dispute." *In re Sac & Fox Tribe of Mississippi in Iowa/Meskwaki Casino Litig.*, 340 F.3d 749, 763 (8th Cir. 2003).

Although DOI may sometimes need to determine what tribal government to recognize in order to interact and contract with tribal governments, "even these special situations should be resolved in favor of tribal self-determination and against Federal Government interference." *Wheeler*, 811 F.2d at 552; *see also White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 143–44 (1980) ("Ambiguities in federal law have been construed generously in order to comport with these traditional notions of sovereignty and with the federal policy of encouraging tribal independence.").

3

Plaintiffs argue that deciding whether to order DOI to recognize the tribal judgment removing Phillip Del Rosa from leadership would not require the court to choose between the factions or delve into intratribal leadership and membership disputes. This argument ignores that to decide whether to recognize the tribal judgment removing Phillip Del Rosa from leadership, the court would have to decide whether it was issued by a legitimate governing body of the Tribe. Plaintiffs' argument that deciding this issue would not require the court to wade into intratribal leadership and membership disputes is also in tension with Wendy Del Rosa's arguments before the Interior Board of Indian Appeals that Darren Rose was not a valid member of the Tribe. Against the backdrop of these intratribal governance and membership disputes, the district court correctly found that it lacked subject matter jurisdiction over plaintiffs' claims.[1]

**AFFIRMED.**

---

[1] DOI acknowledges that this court may exercise jurisdiction over a properly pled claim under the Administrative Procedure Act ("APA"). Our precedent recognizes that federal courts have jurisdiction to review final agency actions—even when such review implicates issues of tribal law. *See, e.g.*, *Aguayo v. Jewell*, 827 F.3d 1213, 1223 (9th Cir. 2016); *Alto v. Black*, 738 F.3d 1111, 1124 (9th Cir. 2013). DOI's decision to recognize a governing tribal body is reviewable as a final agency action under the APA. *See Goodface v. Grassrope*, 708 F.2d 335, 338 (8th Cir. 1983). Although plaintiffs invoke the APA, their claim does not seek review of the agency's recognition decision. Plaintiffs instead ask the court to declare that a 2013 tribal decision removing Phillip Del Rosa holds greater authority than a 2014 tribal decision reinstating him. For the reasons explained, such a claim is not cognizable.