183 F.3d 945 (9th Cir. 1999)
 THE HOU HAWAIIANS, a Native Hawaiian Tribal Ohana; NUI LOA PRICE, Dr., individually and in his capacity as Chief of the Hou Hawaiians, aka Maui Loa; KAMUELA PRICE, individually and in his capacity as member of the Elder Council of the Hou Hawaiians, Plaintiffs-Appellants,
v.
BENJAMIN CAYETANO, in his capacity as Governor of the State of Hawaii; MICHAEL WILSON, in his capacity as Director of the Department of Land and Natural Resources of the State of Hawaii and Chairman of the Board ofLand and Natural Resources; CHRISTOPHER YUEN; WILLIAM KENNISON; LYNN McCRORY; MICHAEL NEKOBA; COLBERT MATSUMOTO, in their capacities as members of the Board of Land and Natural Resources of the State of Hawaii; KAZU HAYASHIDA, in his capacity as Director of the Department of Transportation of the State of Hawaii and Chairman of the Transportation Commission;
JULLIET AIU; JAN AMII; WALTER ARAKAKI; LESTER FUSHIKOSHI; DENNIS HOKAMA; RICHARD KIBE; MILLICENT KIM; DAVID RAE; ALFRED WONG; NORMAN TSUJI; WADSWORTH YEE, in their capacities as members of the Commission of Transportation of the State of Hawaii; JERRY MATSUDA, in his capacity as acting head of the Airports Division of the Department of Transportation of the State of Hawaii; CLAYTON HEE, in his capacity as Trustee and Chairman of the Board of Trustees of the Office of Hawaiian Affairs of the State of Hawaii; ADELAIDE DESOTO; ABRAHAM AIONA; MOSES KEALE; HAUNANI APOLIONA; BILLIE BEAMER; ROWENA AKANA; HANNAH SPRINGER; COLLETTE MACHADO, in their capacities as Trustees of the Office of Hawaiian Affairs of the State of Hawaii; KALI WATSON, in his capacity as Director of the Department of Hawaiian Home Lands and Chairman of the Hawaiian Homes Commission; WONDA MAE AGPALSA; KAREN HOLT; ROCKNE FREITAS; THOMAS KAULUKUKUI, JR.; LLEWELLYN KUMALAE; ANN NATHANIEL; PATRICIA SHEEHAN; JOHN TOMOSO, in their capacities as members of the Hawaiian Homes Commission; THE STATE OF HAWAII; JANET RENO, in her capacity as Attorney General of the
United States of America; and BRUCE BABBITT, in his capacity as Secretary of the United States Department of the Interior, Defendants-Appellees.
 No. 98-15402
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted April 26, 1999--Honolulu, Hawaii
Filed June 4, 1999
Amended July 21, 1999
 
 Walter Schoettle, Honolulu, Hawaii, for the plaintiffs- appellants.
 Randall Young, Deputy Attorney General, Honolulu, Hawaii; Lisa Jones, United States Department of Justice, Washington, D.C.; Sherry Broder, Honolulu, Hawaii, for the defendants- appellees.
 Appeal from the United States District Court for the District of Hawaii Helen Gillmor, District Judge, Presiding. D.C. No. CV-97-00303-HG.
 Before: Jerome Farris, John T. Noonan, and Susan P. Graber, Circuit Judges.
 
 ORDER
 
 1
 The slip opinion filed on June 4, 1999 is amended as follows: P.5700 - Add to P 2 after "breaches of trust," the following: At the same time the Hou declare unequivocally in their briefing that they are not seeking retroactive relief.
 
 
 2
 Strike all of sections 2 and 3.
 
 OPINION
 NOONAN, Circuit Judge:
 
 3
 The Hou Hawaiians, Nui Loa Price, and Kamuela Price (collectively the Hou) brought this suit against several federal and state officials in their official capacities. The district court denied the Hou's motion for summary judgment and dis- missed their complaint against all defendants.
 
 
 4
 This case is another episode in legal warfare going back twenty years, which has from time to time come to this court. See, e.g., Rice v. Cayetano, 146 F.3d 1075 (9th Cir. 1998); Han v. United States Department of Justice, 45 F.3d 333 (9th Cir. 1995); Price v. Akaka (Price V), 3 F.3d 1220 (9th Cir. 1993); Price v. Hawaii (Price IV), 939 F.2d 702 (9th Cir. 1991); Price v. Akaka (Price III), 928 F.2d 824 (9th Cir. 1991); Price v. Hawaii (Price II), 921 F.2d 950 (9th Cir. 1990); Price v. Hawaii (Price I), 764 F.2d 623 (9th Cir. 1985). We rely on the history and holdings of those cases in reaching a decision here. Nonetheless, as certain of the issues raised are new, we publish this opinion affirming the district court in order to further delineate the respective rights and responsibilities of the parties.
 
 THE CLAIM AGAINST THE FEDERAL DEFENDANTS
 
 5
 Section 5 of the Hawaii Admission Act, Pub. L. No. 86-3, 73 Stat. 4 (1959), granted to the State of Hawaii most of the lands there held by the United States and declared that the lands should be held as a public trust. The Act specified five purposes of the trust and stated that the lands should be held for one or more of the five specified purposes as the constitution and laws of Hawaii should provide. The Act added: "their use for any other object shall constitute a breach of trust for which suit may be bought by the United States." Pub. L. No. 86-3, 73 Stat. 4 S 5(f) (1959).
 
 
 6
 The Hou contend that this final phrase imposed a duty upon the United States to sue the State of Hawaii if the state breached the trust. The Hou contend that federal failure to act amounts to such an abuse of discretion and such a failure to carry out the policy of the statute that mandamus lies to compel the United States to bring suit.
 
 
 7
 The immediate obstacle to this contention is the sovereign immunity of the United States. That immunity has not been waived by section 5. That immunity has not been waived by the mandamus statute, 28 U.S.C. S 1361. See Washington Legal Found. v. United States Sentencing Commission , 89 F.3d 897, 901 (D.C. Cir. 1996). The Administrative Procedure Act, 5 U.S.C. S 702, waives immunity only for claims alleging that an official's actions "were unconstitutional or beyond statutory authority." Swan v. Clinton, 100 F.3d 973, 981 (D.C. Cir. 1996). Under section 5, the United States has no duty to prosecute the State of Hawaii. See Han, 45 F.3d at 337. The federal enforcement policy is not "so inadequate as to be beyond the limits of [the federal defendants' ] discretion." Id. at 338. The bar is absolute and fatal to the claim against the federal defendants.
 
 THE CLAIMS AGAINST THE STATE DEFENDANTS
 
 8
 Section 4 of the Hawaii Admission Act provides:"As a compact with the United States relating to the management and disposition of the Hawaiian home lands, the Hawaiian Homes Commission Act, 1920, as amended, shall be adopted as a provision of the Constitution of [the State of Hawaii]." Pub. L. No. 86-3, 73 Stat. 4 S 4 (1959). The Hawaiian Homes Commission Act (the HHCA) was accordingly made part of that constitution. See Haw. Const. art. XII,S 1. The HHCA, S 207 provides that the Department of Hawaiian Homelands (DHHL) "is authorized to lease to native Hawaiians the right to the use and occupancy of a tract or tracts of Hawaiian homelands," and DHHL "shall, whenever tracts are available, enter into such a lease with any applicant who, in the opinion of the department, is qualified to perform the conditions of such lease." Pub. L. No. 67-34, 42 Stat. 108 S 207 (1921). One of the five purposes specified by section 5(f) of the Admission Act is "the betterment of the conditions of native Hawaiians, as defined in the [HHCA]." Pub. L. No. 86-3, 73 Stat. 4 S 5(f) (1959). A "native Hawaiian" is "any descendant of not less than one-half part of the races inhabiting the Hawaiian Islands previous to 1778, as defined by the [HHCA]. " Haw. Rev. Stat. S 10-2.
 
 
 9
 The Hou contend that the state defendants have violated and will continue to violate section 5 of the Admission Act by not giving priority to the betterment of the native Hawaiians by funding homesteads for them. To remedy the claimed violations, the Hou seek an injunction compelling the state defendants to expend income from the section 5 lands for no other purpose than providing each eligible native Hawaiian with a homestead. Alternatively, the Hou ask that income from section 5 be devoted exclusively to satisfying the $600 million settlement that the state made in 1995 with DHHL in satisfaction of previous breaches of trust. At the same time the Hou declare unequivocally in their briefing that they are not seeking retroactive relief.
 
 
 10
 To the extent that the Hou's request is for an injunction requiring future funding of homesteads from section 5 lands, the selection of beneficiaries eligible for such homesteads, and the elimination of requirements unduly burdening possible beneficiaries, no inexorable jurisdictional barrier is encountered. We have held that Hawaii does not escape the trust imposed on section 5 lands by transferring them to any department, including OHA, to be administered. See Price III, 928 F.2d at 827. The trustees have federal obligations and may be sued in federal court under S 1983 if they have breached their trust. See id. Nonetheless, because section 5 does not demand that the state "deal with its property in any particular manner," a challenge to the management of section 5 land is not a federally cognizable claim. Price II, 921 F.2d at 956.
 
 
 11
 The Hou take comfort in footnote 1 of the just-cited opinion, which reads: "This case does not involve the administration of the Hawaiian home lands." Id. at 955 n.1. This case does. But we are still bound by the determination of Price II that the state is not to be treated as a private trustee in the management of the property entrusted to it. A stated grievance in the Hou's complaint is that OHA has "wrongfully been accumulating income from the Trust Lands while inadequate funds have been allocated for the provision of infrastructure for implementation of HHCA." This charge disputes the priorities of OHA, a matter within its management prerogative. The requirements for the award of home- steads and priorities among possible beneficiaries are of a similar character. In compliance with its fiduciary obligations, OHA could not ignore the beneficiaries of the trust in favor of non-beneficiaries, or take no steps to identify the beneficia-ries, but it is entitled to determine in a fair and reasonable way the beneficiaries who qualify for homesteads.
 
 
 12
 For the forgoing reasons, the judgment of the district court is AFFIRMED.