Beni–Jo N. KUAMOO; Richard L. Kela, Plaintiffs—Appellants,

v.

UNITED STATES of America; George W. Bush, in his official capacity as President of the United States; Benjamin J. Cayetano, in his official capacity as Governor of the State of Hawaii; Raynard C. Soon, individually and in his official capacity as the Charman, Hawaiian Homes Commission; Wonda Mae Agpalsa; Henry Cho; Tom Contrades; Rockne Freitas; Herring Kalua; Milton Pa; John A.H. Tomosa, in their individual capacities as members of the executive Board of the Hawaiian Home Commission, Defendants—Appellees.

No. 03–15615.
D.C. No. CV–02–00384–SPK.

United States Court of Appeals,
Ninth Circuit.

Submitted, Sept. 18, 2003.*

Decided March 4, 2004.

Beni–Jo N. Kuamoo, Richard L. Kela, Hilo, HI, for Plaintiffs–Appellants.

George K.K. Kaeo, Jr., Attorney General's Office, Clayton Lee Crowell, Department of The Attorney General, State of Hawaii, Honolulu, HI, for Defendants–Appellees.

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM**

Benji–Jo Kuamoo and Richard Kela, appeal pro se the district court's dismissal under Fed.R.Civ.P. 12(b)(6) of their action against state and federal defendants seeking an injunction to halt enforcement of residential leases issued by the Department of Hawaiian Home Lands. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291 and, after de novo review, we affirm.

Because the parties are familiar with the facts and prior proceedings, we recite them here only as necessary to our disposition.

Appellants' complaint fails to allege the requisite causal connection between the state defendants sued in their individual

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

capacities and the allegedly illegal enforcement of the leases. The district court did not err in dismissing the individual capacity claims against the state defendants. *See Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n. 2 (9th Cir. 1999); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

Because appellants' claims seek to invalidate lease agreements that, they assert, were issued in past breach of trust, the district court did not err when it dismissed the claims against the Governor of Hawaii and Chairman of the Hawaiian Homes Commission in their official capacities. *See Papasan v. Allain*, 478 U.S. 265, 278–79, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Ulaleo v. Paty*, 902 F.2d 1395, 1399–400 (9th Cir.1990).

Appellants' action seeks to compel the United States to sue the State of Hawaii for breach of trust. Because that claim is barred by the sovereign immunity of the United States, *see Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir.1999), the district court did not err when it dismissed the claims against the federal defendants.

AFFIRMED.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.