**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES F. BORER,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>SECRETARY OF THE TREASURY;<br>UNITED STATES OF AMERICA,<br><br>Defendants - Appellees. | No. 13-35566<br><br>D.C. No. 3:12-cv-05575-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

James F. Borer appeals pro se from the district court's judgment dismissing

for lack of subject matter jurisdiction his action relating to audits conducted by the

Internal Revenue Service ("IRS") of his taxes for tax years 2006, 2007, and 2008.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction under Federal Rule Civil Procedure 12(b)(1), *Rundgren v. Washington Mut. Bank, FA*, 760 F.3d 1056, 1059-60 (9th Cir. 2014), and we affirm.

The district court properly concluded that it lacked subject matter jurisdiction over Borer's mandamus claims because the United States has not waived its sovereign immunity. *See Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999) ("[I]mmunity has not been waived by the mandamus statute, 28 U.S.C. § 1361."); *see also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("[T]he bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.").

The district court properly concluded that Borer's claims for injunctive relief for tax years 2007 and 2008 are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), because Borer seeks to restrain the government's tax assessment and collection activities. *See Elias v. Connett*, 908 F.2d 521, 523-24 (9th Cir. 1990) (district courts lack subject matter jurisdiction to grant a taxpayer's request for injunctive relief for tax years where the IRS complied with the requirements of 26 U.S.C. §§ 6212(a) and 6213(a)).

The district court properly dismissed as moot Borer's claim for injunctive

relief for tax year 2006 because the IRS abated the assessments, removed the levy, and credited the amount levied to Borer's liability for 2007. *See DiGiorgio v. Lee (In re Di Giorgio)*, 134 F.3d 971, 974 (9th Cir. 1998) (setting forth standard of review and explaining doctrine of mootness).

We reject Borer's contention that the United States waived its sovereign immunity because the IRS failed to mail a notice of deficiency for tax year 2006.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Borer's request, filed on July 8, 2013, is denied as moot.

**AFFIRMED.**