**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH MARVEL WALTON, | No. 22-56071 |
| Petitioner-Appellant, | |
| | D.C. No. 2:22-cv-00896-GW-GJS |
| v. | |
| | MEMORANDUM* |
| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted August 15, 2023**

Before: TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

The motion for an extension of time to pay the filing fee (Docket Entry No. 4) is granted. The filing fee has been paid.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Keith Marvel Walton appeals pro se from the district court's order sua sponte dismissing his mandamus petition seeking to compel the Clerk of the United States District Court for the Central District of California to process his audio recording request. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction over Walton's mandamus petition because the United States has not waived its sovereign immunity and Walton failed to establish that any exception applied. *See Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999) ("[I]mmunity has not been waived by the mandamus statute, 28 U.S.C. § 1361."); *see also Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689-690 (1949) (describing narrow exceptions to sovereign immunity). Contrary to Walton's contention, he is not entitled to relief under the Administrative Procedure Act ("APA") because he is not suing an agency covered by this statute. *See* 5 U.S.C. § 701(b)(l)(B) (explaining that "agency" as defined for the purpose of the APA does not include "the courts of the United States").

Dismissal of Walton's mandamus petition was also proper because Walton failed to establish that he is entitled to the extraordinary remedy of mandamus. *See Johnson v. Reilly,* 349 F.3d 1149, 1154 (9th Cir. 2003) (discussing requirements for mandamus relief).

The district court did not abuse its discretion in denying Walton's motion to reconsider because Walton failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration).

**AFFIRMED.**